## GOVERNOR, Use, &c. vs. DAVIS.

1. An execution, which is levied on a crop of cotton after it has been removed from the rented premises on which it was raised, and stored in a warehouse by the tenant, is entitled to preference over an attachment subsequently levied on it at the suit of the landlord for the rent of the premises, the former levy being made in ignorance of the landlord's lien, both on the part of the sheriff and the execution creditor.

ERROR to the Circuit Court of Pickens.
Tried before the Hon. Wm. R. Smith.

This was an action of debt instituted in the name of the Governor, for the use of Bird Ivey, against the defendant in error, on his official bond as sheriff of Pickens county. The plaintiff proved that an attachment, at the suit of himself against one Wallis, had come to the hands of the defendant,

and had been by him levied on twenty-three bales of cotton, the property of said Wallis; that the cotton was raised on certain premises which said Wallis had rented from plaintiff, and that the attachment suit was founded on a note which had been given for the rent; and that the defendant had failed and neglected to make the money on an execution issued on the judgment which he afterwards recovered in the suit. The defendant, to discharge himself, proved that, before the attachment came to his hands, and after said Wallis had removed the cotton from the rented premises, and stored it in a warehouse for shipment, he had levied two executions against Wallis on the cotton, and had advertised it for sale, and that the cotton was afterwards sold, and the proceeds of sale applied to the satisfaction of these executions. The court charged the jury in substance, that the money was properly applied, under this state of facts, to the satisfaction of the executions.

HUNTINGTON, for plaintiff in error.

The only authorities to which I deem it necessary to call the court's attention, are Clay's Digest, Title Rent, and Dulaney v. Dickerson, 12 Ala. 601.

I contend that the affirmance of this judgment would be a practical abrogation of the statute. The idea that the removal of the crop changes the landlord's right, is one borrowed from the Stat. 8 Ann. c. 14, § 1, (found in Archbold's Landlord and Tenant, Law Li. top page 235) and the constructions of it by the courts. That statute provides, that the party plaintiff, before the removal of the goods from the premises under execution or extent, shall pay the rent to the landlord, with a proviso not touching this case. Of course, if the goods are once removed by the tenant, the creditor seizing them cannot pay before removal. There is, neither in England nor New York, any process of attachment given to the landlord. Not the party, but the sheriff is the one deemed liable to the landlord, and the remedy, if he he does not pay the rent, is to rule him. In a case where he desires the advice of the court, he may retain and seek instructions. 2 Johns. 478. Here we have, first, a statute after that of Anne, above referred to, and another one providing for the enforcement of

the landlord's lien by the process of attachment, which can be issued after the crop is removed, and evidently goes upon the principle that the party shall first be paid who, by the lease of his land, has enabled the tenant to provide means for his own support and that of his family, and often a surplus for his creditors. Take away this right, or fail to give it due force and effect, and public policy as well as public law would be countervened, by the difficulty of the poorer class of citizens obtaining land to cultivate.

As to the practice in England and New York under the statute of Anne, see 1 M. & S. 244; 18 Johns. 1; 2 ib. 478.

BLISS & BALDWIN, *contra*.

Referred to Clay's Digest, 210, § 45; ib. 506, § 3; Frazier v. Thomas, 6 Ala. 169; Otey, Adm'r v. Moore, 17 ib. 280; 13 N. Hamp. 46.

CHILTON, J.—The only question in this case is, whether a sheriff who levies an execution upon a crop grown on rented premises, after it has been removed from the premises and deposited in a warehouse for shipment on account of the tenant, and subsequently levies an attachment for the rent at the suit of the landlord upon the same property, is bound, upon the sale of such crop, to apply the proceeds first to the payment of the rent.

There is nothing in this case showing that there was any collusion between the creditor whose execution was levied, and the tenant, or that at the time of the levy, either the execution creditor, or the sheriff, had notice that the cotton levied on was grown upon rented premises, or that there was rent due to the landlord. The tenant, himself, removed the cotton, and after it was removed, the execution was levied in good faith upon it. These facts distinguish this case from those relied upon by the counsel for the plaintiff in error. It is said in Dulany v. Dickerson, 12 Ala. Rep. 601, "that the statute gives the landlord an effectual means of recovering his rent, by declaring a *lien* upon the crop, forbidding its removal until the rent is paid, and giving the right to levy an attachment upon it, which may doubtless be done, though the crop may be removed, and is in the hands of a purchaser from the tenant, *if he purchased with knowledge of the lien of*

*the landlord.*" In that case, the purchaser from the tenant removed the crop, and was informed of the lien, consequently he might well have been regarded as purchasing subject to the lien. In this case, the facts are different: there is no proof showing that the creditor, whose execution was levied, had notice of the lien at the time of the levy.

The uniform construction placed by the English courts upon the statute of 8 Anne, c. 14, § 1, which is not unlike our own, is, that when the tenant removes the crop off the rented premises, the landlord's lien is gone. It is supposed that, as the process of attachment is given by our statute to the landlord, by which he may follow and levy upon the crop, the lien is not affected by the removal, as was the case under the English statute. But we think this summary proceeding was not designed to extend the lien, to the detriment of *bona fide* purchasers without knowledge, either actual or constructive, of the existence of such lien; nor was it intended to overrride other liens *bona fide* acquired upon the property, and which attached after its removal from the rented premises. The statute which says, the rent shall be exempt until the same may have been paid, &c., (Clay's Dig. 506, § 6) does not affect the case before us. The rents there referred to, evidently mean the portion of the crop to which the landlord is entitled under the contract to receive as his share, and has no application to a case where the monied rent is reserved, instead of a specified portion of the crop.

We think the lien of the execution creditor, under the facts of this case, is to be preferred, and it follows that the judgment of the Circuit Court must be affirmed.