# Jones & Dunn *v.* Latham.

*Bill in Equity by Assignee of Certificates of Stock, to compel Transfer on Books of Corporation.*

1. *Transfer of stock in private corporation; who is entitled to protection against unregistered.*—"*Bona fide* creditors," as against whom transfers of certificates of stock in a private corporation are required to be entered on the books of the corporation (Code, § 2043), are judgment creditors who have acquired a lien; and when the lien of an execution has attached before notice, actual or constructive, to the creditor, the purchaser at the sale will be protected, although he had actual notice of a prior unregistered transfer.

2. *Same; averment of notice.*—In a bill filed by a person claiming under an unregistered transfer, against purchasers at a sale under execution against the transferror, an averment that the defendants "well knew that said R. [defendant in execution] had not owned a single share of the said stock for more than two years," being construed, on demurrer, most strongly against the pleader, is not sufficient to charge knowledge or notice before the lien of the execution attached, when the bill does not show the time when the execution was issued, when it was received by the officer, or when it was levied, nor the date of the judgment.

3. *Remandment of cause, on reversal, for amendment of bill.*—On appeal from a decree overruling a demurrer to a bill (Code, § 3918), this court, holding the demurrer well taken, and reversing the decree on that account, will remand the cause, in order that the complainant may have an opportunity to amend his bill.

APPEAL from the Chancery Court of Mobile.

Heard before the Hon. H. AUSTILL.

The bill in this case was filed on the 16th January, 1880, by Lewis K. Latham, against William G. Jones and William D. Dunn, the Mobile and Ohio Railroad Company, a domestic corporation, and Z. M. P. Inge; and sought to compel said railroad company to enter on its books a transfer of certain certificates of stock, which were originally issued in favor of Charles E. Rushing, and which the complainant claimed by assignment from said Rushing; and to recognize the complainant as a stockholder in the company, by virtue of his ownership of said shares, and to issue to him new certificates on his surrendering the old. The complainant alleged that he obtained the certificates, from said Rushing, by written assignment and indorsement, "*bona fide*, for value received, years ago, to-wit, on or about the first day of October, 1878;" that he made application to the custodian of the books of the corporation, on or about the 16th December, 1879, and on the next day to the president, asking to have the transfer of the shares to him entered on the books of

the corporation, and to have new certificates issued to him instead of the old, which he offered to surrender; and that his application was refused by the said officers, on the ground that Wm. G. Jones and Wm. D. Dunn claimed to be the owners of said stock. The bill alleged, also, that said Dunn and Jones claimed the stock under a purchase made for their benefit, by said Inge, at a sale under execution against said Rushing, made by the United States marshal, on the 15th December, 1879; that they became the purchasers at a nominal price of one dollar per share, while the stock was worth at least twenty-five dollars per share; that public notice of the complainant's ownership of the stock was given at the sale; and that the execution was issued on a judgment which Wm. Barnewall and W. C. Gaynor, as the assignees of James Crawford, had obtained against said Rushing in the Circuit Court of the United States at Mobile; but the date of this judgment was no where shown, nor the time when the execution was issued and placed in the hands of the marshal.

A demurrer to the bill was filed by Jones and Dunn jointly, assigning the following grounds of demurrer : 1. "That the bill does not show with reasonable or sufficient certainty what consideration, if any, was given or paid by complainant to said Rushing, for the stock, or certificates of shares, therein mentioned." 2. "That said bill does not show that said shares of stock therein mentioned were transferred to the complainant, on the books of said railroad company, before said shares were levied on and sold under execution, as therein shown." 3. "That said bill shows that said shares of stock have never been transferred to the complainant on the books of said railroad company, and that the complainant made no application for any such transfer until after said shares had been levied on and sold under execution, and bought at such sale by these defendants." 4. "That the bill shows that said certificates of stock were indorsed and transferred by said Rushing to said complainant, with authority to transfer the same on the books of said company, long before said shares were levied on and sold under execution as therein shown ; and that complainant, during all that time, wholly neglected to have any such transfer of the same made to him on the books of said company, and made no application for such transfer, until after said shares had been levied on and sold under execution, and bought at such sale by these defendants, as therein shown ; and so it is shown by said bill that, under the laws of Alabama, the complainant has no right or title to said shares of stock, as against these defendants."

The chancellor overruled the demurrer, and his decree is now assigned as error.

Wm. G. Jones, for the appellants.

Overall & Bestor, *contra.*

STONE, J.—Section 2043 of the Code of 1876 enacts, that " when, by the charter, articles of association, or by-laws and regulations of an incorporated company, the transfer of the stock is required to be made upon the book or books of such company, no transfer of stock shall be valid, as against *bona fide* creditors or subsequent purchasers, without notice, except from the time that such transfer shall have been registered or made upon the book or books of such company." We have uniformly interpreted the words, '*bona fide* creditors,' in statutes like this, to mean judgment creditors having a lien. *Daniel v. Sorrells*, 9 Ala. 436 ; *Jordan v. Mead*, 12 Ala. 247 ; *Governor v. Davis*, 20 Ala. 366 ; *De Vendell v. Hamilton*, 27 Ala. 156 ; *Preston & Stetson v. McMillan*, 58 Ala. 84. When a sale is made under execution, the lien of which had attached before notice, actual or constructive, the purchaser, although having notice at the time of the purchase, will acquire a good title. In such case, the creditor's execution lien comes to the aid of the purchaser's title, and perfects it. This is the only mode by which the *bona fide* creditor without notice can realize the benefits of the lien the statute gives him.

The shares in the Mobile and Ohio Railroad Company, the subject of the present contention, were sold on the 15th December, 1879, by the United States marshal, under an execution issued on a judgment of the Circuit Court of the United States. The bill fails to aver when the judgment was rendered, when execution was issued, or when it was received by the marshal. It is also silent on the question of the charter and by-laws of the Mobile and Ohio Railroad Company, regulating the mode of transferring its stock; whether the transfer is required to be made on the books or not. Transfer on the books of the corporation is the usual mode of transferring such stock. The only clause of the bill which bears on the question of notice of the sale of the railroad shares to complainant, is as follows: " Your orator charges . . . that they, [Jones and Dunn], and their assignor, James Crawford, with all to gain and nothing to lose, well knew that Mr. Rushing [defendant in execution] had not owned a single share of the stock, now and then claimed by your orator, for more than two years." This is an averment that Jones, Dunn and Crawford had knowledge, at some time then past, that Rushing did not own any of the stock of that railroad, and had not owned any of it for more than two years. It is not an averment that their knowledge of that fact had existed for more than two years.

[Walker v. Struve.]

The language is not very clear, but we suppose the intention was to charge the knowledge at the time of the sale. But, giving it the widest possible scope, it can not be construed as charging knowledge before the levy. This may have been, and probably, nay, certainly, was after the execution had acquired a lien by going into the hands of the marshal. This was too late, to defeat the title acquired by the purchase at the marshal's sale. It is our duty to construe the bill most strongly against the pleader, and on such a motion as this, to hold that every material fact, not averred, does not exist.—*Cockrell v. Gurley*, 26 Ala. 405; *Lucas v. Oliver*, 34 Ala. 631.

The demurrer to the bill ought to have been sustained; but, inasmuch as, by the ruling of the chancellor, the complainant had no occasion to amend his bill, we decline to pass finally upon the question. We reverse, and remand the cause, with instructions to the chancellor to sustain the demurrer and dismiss the bill, unless it be so amended as to give it equity.

Reversed and remanded.