# Fisher, Parker & Co. *v.* Jones.

*Bill in Equity to compel Transfer of Certificate of Stock, to Purchaser at Execution Sale ; Cross-Bill by Holder as Collateral Security.*

1. *Transfer of certificate of stock, and registration thereof on books of company.*—Under the statutory provisions regulating the transfer of certificates of stock in incorporated companies, and providing that no

transfer shall be valid, as against *bona fide* creditors and subsequent purchasers without notice, " except from the time such transfer shall have been registered or made upon the book or books of such company" (Code, §§ 2041–44); if a company has adopted no by-law regulating such transfer, and keeps only a single book of stock certificates, with stub attached to each, on which are entered the date, name, serial numbers, &c., corresponding with each certificate issued; a memorandum entered on the stub, in these words, " *Transf. to Winston Jones, assignee, for collateral, Dec. 1, '84,*" is a substantial compliance with the statutory requisition, and charges a subsequent creditor or purchaser with notice of such transfer.

APPEAL from the Chancery Court of Mobile.

Heard before the Hon. JOHN A. FOSTER.

The original bill in this case was filed on the 18th November, 1885, by the appellants, a mercantile partnership doing business in the city of St. Louis, against the City Railroad Company of Mobile, a private corporation, Winston Jones, as assignee of the Bank of Mobile, and Bernard Moog ; and sought to compel said railroad company to recognize the rights of the complainants as owners of two certificates of stock, which had been issued originally to said B. Moog, to make the proper entries of transfer on the books of the company, and to issue new certificates to them. The complainants commenced suit by attachment, against said B. Moog, on the 14th January, 1885 ; and the sheriff made the following return of his levy : "On the same day, Jan. 14, 1885, at the hour of ten o'clock and thirty minutes A. M., I levied the within attachment on all the capital stock of said Bernard Moog in the City Railroad Company of Mobile, a corporation, and on all the right and interest of said Moog in the stock of said corporation ; and at that time gave notice in writing of said levy on said stock, to Isadore Strauss, the secretary of said corporation, who had custody of its books." In reply to the written notice served on him by the sheriff, said Strauss, the secretary, addressed a letter to the sheriff, on the same day, stating that, of the shares of stock originally held by Moog in the company, "one hundred shares thereof were transferred by him, as collateral security, to Winston Jones, assignee of the Bank of Mobile, on the 1st day of December, 1884 ;" and the other shares, at different dates, to other persons. The complainants obtained a judgment, in their said suit against Moog, on the 14th May, 1885 ; and on the 21st July, 1885, at sheriff's sale under execution on this judgment, they became the purchasers of said stock, 548 shares in all, and received a certificate of transfer from the sheriff. The bill alleged, on information and belief, " that said shares of stock, at the time of the levy of said attachment, stood on

[Fisher, Parker & Co. v. Jones.]

the books of said corporation in the name of said B. Moog ; that said Moog managed, controlled and voted the same as the owner theieof; that no other person, previous and up to the date of said levy, was known or recognized by the said company as the owner thereof ; and complainants say that not until after the date ot the said levy did they know, or have any notice or knowledge that any of said stock had been hypothecated to others, or that the certificates there- for had been assigned or transferred to any one ; and they deny that said stock had been transferred on the books of said company at the date and time of said levy, and charge that the same stood on the books of the company in the name of said B. Moog at the date of said levy."

An answer to the bill was filed by Winston Jones, claim- ing the stock as assignee of the Bank of Mobile ; alleging that the certificates were pledged and transferred to said bank, by B. Moog, some time prior to the levy of the at- tachment, as collateral security for moneys loaned ; that said transfer was duly entered on the books of the company on the 1st December, 1884 ; and that complainants had no- tice of this transfer before their purchase at the sheriff's sale. He prayed that his answer might be taken as a cross- bill, that his superior lien be declared and enforced, and that the stock be sold for its satisfaction, unless redeemed by the complainants.

On final hearing, on pleadings and proof, the chancellor held that the lien of Jones was superior to that of the com- plainants ; and he ordered the stock to be sold ; the pro- ceeds to be first applied to the satisfaction of the debt due to Jones, and the residue to the complainants. The com- plainants now assign this decree as error.

OVERALL & BESTOR, for the appellants.— The stock must be transferred on the books of the company, to make it free from legal process. The books of the company are the test of legal ownership, so far as outside parties are concerned, and not the certificates of stock ; and when changes are made in stockholdeis, the company's books must show them, so that its members may be known, and the standing of the company be ascertained by an inspection of the books. Code, §§ 1917, 1920, 2041 ; *Nabring v. Bank of Mobile*, 58 Ala. 204 ; *Newell v. Willston*, 138 Mass. 240 ; *Williams v. Mech. Bank*, 5 Blatchf. 59 ; *Fisher v. Essex Bank*, 5 Gray, 373 ; *Blanchard v. Gas Light Co.*, 12 Gray, 213 ; *Turnpike Co. v. Bunnel*, 6 Conn. 552 ; 42 N. H. 424. The stock stood on the books of the company in the name of B. Moog, not only at the time of the levy, but until after the decree was ren-

dered in this cause ; and no fact any where appeared show-
ing that Jones had or claimed any interest in it, except the
memorandum stating a transfer to him as collateral.   The
time when this memorandum was made was not shown, the
secretary and custodian of the books not having been ex-
amined as a witness.   At the time the attachment was levied,
complainants had no notice of any claim on the part of
Jones, nor even that he held the certificates ; and notice
subsequently acquired can not defeat their lien.—Code,
§ 3280 ; *Jones & Dunn v. Latham*, 70 Ala. 166 ; *Betancourt
v. Eberlein*, 71 Ala. 461 ; *Scarborough v. Malone*, 67 Ala. 570.

GAYLORD B. & F. B. CLARK, Jr., *contra*.—The entry of the
memorandum on the stub-book, showing the transfer as col-
lateral to Jones, was a sufficient compliance with the statu-
tory requisition as to registration (Code, § 2043), and charged
the complainants with constructive notice ; and they had
actual notice before they purchased at the sheriff's sale,
and even before their judgment was rendered—*Dickerson v.
Carroll*, 76 Ala. 377 ; *McEachin v. Reid*, 40 Ala. 411 ; *Scar-
borough v. Malone*, 67 Ala. 570.   The levy and sale, if valid
at all, carried only Moog's equity of redemption.—*Dickinson
v. Bank*, 129 Mass. 279 ; *Nabring v. Bank*, 58 Ala. 204.

SOMERVILLE, J.—The subject of controversy in this
case is one hundred shares of the capital stock of an incor-
porated street railroad company in the city of Mobile,
standing on the books of the company in the name of one
B. Moog, as owner.   The controversy arises between the
conflicting claims of the appellants, as attaching creditors
and purchasers under execution sale made in due course of
the attachment proceedings, on the one hand, and of the
appellee, Jones, on the other, as prior transferree of the
stock taken as collateral security for money loaned.

Many questions arise in the cause, and were discussed at
the bar, but, in the view which we take of it, we need decide
but one.

Our statutes provide, that the shares or interest of any
person, in any incorporated company, are to be deemed per-
sonal property, and transferrable on the books of the com-
pany in such manner as may be prescribed by the charter
or by-laws of such company ; and that such shares or in-
terest may be levied on by attachment or execution, and be
sold as goods and chattels.   The levy is made by indorsing
it on the writ, "stating the number of shares, or other inter-
est levied on."—Code, 1876, § 2041.   The levy is ineffectual
to create a lien on the stock, however, until notice is given

the .corporate custodian of the books, of the issue of the writ and the name of the defendant.—Code, § 2046.

The statute further provides, in reference to the *registration* of transfers of corporate stock—which is here the particular point of contention—in substance as follows: Whether the charter or by-laws of the company require the transfer of such stock to be made or registered on the books of the company, or not, the statute requires that it shall be done, at the risk of being void as to all *bona fide* creditors, or subsequent purchasers without notice. The language expressly embraces in the word *transfer* any "hypothecation, mortgage, or other lien;" and the requirement is, that such transfer must "be made or *registered* on the books of the company, or, upon failing to do so within fifteen days, all such transfers, hypothecations, mortgages, or other liens, shall be void as to *bona fide* creditors, or subsequent purchasers without notice."—Code, 1876, §§ 2043, 2044.

The company is shown to have had no by-law regulating such transfers. The course pursued was to keep, as the only stock book, a book of stock certificates, with stubs attached, in the common mode. When the certificates were issued, containing a statement of the date of issue, the serial numbers, and the number and aggregate amount of shares, a memorandum of these items was also made on the stub. This also contained a receipt, signed by the party to whom the certificate was delivered. In case of a pledge, or hypothecation of any certificate, the blank transfer printed on the back of the paper was signed and attested; and upon presentation of this to the proper officer of the company, he made on the stub a registration or note of the fact, including the nature of the transfer, and name of the transferree. This was done in the present case, and the question is, whether it was a proper registration of such transfer within the meaning the law.

It is our opinion that it was, and, therefore, that the attaching creditor obtained no lien on the stock which would displace, or have priority over the lien of the appellee, acquired by the pledge made to the bank, to whose rights he succeeds. There is nothing in the statute prescribing the nature of the book to be kept for the purpose by the company. The certificate book was certainly appropriate for this use; and it is matter of common knowledge, that many, if not most corporations, adopt it for this purpose, from principles of business convenience.

Such transfers are required to "be made or registered" on the books of the company. If, as is sometimes done when an absolute sale of stock is made, the original transfer is

[Fisher, Parker & Co. v. Jones.]

made and signed on the books, if in proper form, no question can scarcely arise as to its sufficiency. But it is contended that the word *registered* is used in the sense of recorded, and that the transfer should be copied on the proper book *in hæc verba*. This, we think, was not intended. The word *registration*, in our judgment, is used here in the sense of entering in a book a statement or memorandum of facts to serve as memorials, or evidence. The purpose of the statutes on this subject is obviously to give notice of the title to creditors and purchasers, so as to prevent fraudulent transfers, and to protect the corporation itself in determining the questions of membership, the right to vote, the payment of dividends, and other incidents of ownership.—*Scripture v. Francestown Soapstone Co.*, 50 N. H. 571; *Cheever v. Meyer*, 52 Vt. 66; Cook on Stock and Stockholders, §§ 486–490; *P. & M. Mutual Ins. Co. v. Selma Savings Bank*, 63 Ala. 585; *Jones v. Latham*, 70 Ala. 164; *Black v. Zacharie*, 3 How. (U. S.) 527. A written memorandum, in proper form, would as well answer the purposes thus intended, as a formal record. There may, moreover, be verbal transfers of stock certificates, accompanied by delivery, and creating equitable liens, intended only for brief collateral securities, which would not be susceptible of being registered in this mode, and are not capable of being recorded in a formal sense. The statute, it will be noticed, does not declare that stock may be transferred *only* on the books of the company, as in some of the States, but simply, that it is so transferrable, which would be the rule without the statute. *Fisher v. The Essex Bank*, 5 Gray, 373; *Broadway Bank v. McElrath*, 13 N. J. Eq. 24, 26; *Duke v. Cahawba Navigation Co.*, 10 Ala. 82.

Under these principles, the registration of the transfer to the appellee, Jones, was sufficient to charge appellants with notice of the then prior lien; and the action of the chancellor adjudging this fact, and rendering a decree in favor of appellee on his cross-bill, was free from error.

Affirmed.