# Berney National Bank *v.* Pinckard, DeBardelaben & Co.

*Bill in Equity by Transferree of Stock Certificates, to enjoin Sale under Attachment or Execution.*

1.   *Certificates of stock in private corporation; transfer on books; liability to attachment or execution.*—Under statutory provisions (Code, 1876, §§ 2043-4; 1886, §§ 1670-71), stocks in private corporations are placed on the same footing as other personal chattels, as to their liability to levy under execution or attachment; a transfer thereof, not recorded on the books of the corporation within fifteen days afterwards, is void as to *bona fide* creditors, or subsequent purchasers without notice; and a judgment creditor having a lien, and an attaching creditor who perfects his lien by the recovery of judgment, are equally *bona fide* creditors from the inception of the lien.

2.   *Fi. fa. or vend. ex. on judgment in attachment case.*—The lien of an attachment is perfected by the recovery of judgment, and is not waived or forfeited by suing out a *fi. fa.* instead of a *vend. ex.* to enforce it, but the latter may still be sued out if necessary.

APPEAL from the City Court of Birmingham, in equity.

Heard before the Hon. H. A. SHARPE.

The bill in this case was filed on the 29th December, 1887, by Pinckard, DeBardelaben & Co., suing as partners, against the Berney National Bank, and the Bessemer Land and Improvement Company; and sought to enjoin a sale, under execution in favor of the bank, of certain shares of stock in said company, which had been issued to one W. W. Davin, and to compel the company to enter and record on its books a transfer of said certificate and shares to complainants. The certificate was for twenty shares of stock, and was issued to said Davin 15th April, 1887.   On the 8th June, 1887, Davin had borrowed $2,000 from the Berney National Bank, giving his promissory note at sixty days, and pledging other stocks as collateral security.   On the 8th August, 1887, the bank sued out an attachment on this debt against Davin, and it was levied by the sheriff on said twenty shares of stock, the secretary of the company having furnished him, on demand, a written statement that they were standing in Davin's

37

name on the books of the company. The attachment suit
was prosecuted to judgment by default, November 15th,
1887, for $1,729.80, "amount of plaintiff's debt and dam-
ages, as ascertained by the court, on proof produced by
plaintiff, besides costs; for which execution may issue." An
execution was issued on this judgment, and under it the
sheriff had advertised said stock for sale, when the bill in
this case was filed to enjoin it, Davin had indorsed the cer-
tificate in blank, by signing his name to the printed transfer
and power of attorney on the back of it, placed it on the
market, and sold it; and the complainants alleged that they
purchased it in the regular course of business, for valuable
consideration, "at least thirty days prior to the levy of said
attachment." The answer of the bank to this averment was:
"This defendant has no knowledge that, at least thirty days
prior to the levy of said attachment, or at any other time be-
fore the levy of said attachment, in due course of trade or
otherwise, complainants purchased said shares of stock as
alleged in their bill; and because defendant has no knowl-
edge in reference to said matters, it can not admit the same
to be true." The complainants took the deposition of said
W. P. Pinckard, who testified that they "bought said twenty
shares of stock, in open market, in due course of trade, prior
to the 8th day of August, 1887;" and this was the only evi-
dence in reference to the time of their purchase.

The court overruled a demurrer to the bill, and, on final
hearing, rendered a decree for the complainants, granting
relief as prayed; and this decree is now assigned as error by
the bank.

WEBB & TILLMAN, for appellant, contended that attaching
creditors, whose lien was perfected by judgment, were within
the protection of the statute, equally with creditors who had
a judgment and execution; and that the protection accrued,
in each case, from the inception of the lien. They cited and
discussed the following cases: *Fisher, Parker & Co. v. Jones,*
82 Ala. 117; *Daniel v. Sorrells,* 9 Ala. 436; *Jordan v. Mead,*
12 Ala. 247; *Governor v. Davis,* 20 Ala. 366; *De Vendell v.
Hamilton,* 27 Ala. 156; *Preston v. McMillan,* 58 Ala. 94;
*Hardaway v. Semmes,* 38 Ala. 657; *Wood v. Lake,* 62 Ala.
493; *Tutwiler v. Montgomery,* 73 Ala. 267; *Bank v. Wat-
son,* 105 U. S. 22; *Morehead v. Railroad Co.,* 2 S. E. Rep.
247; 63 Amer. Dec. 120, note; 60 Amer. Dec. 789; 51 Wisc.
519; 1 Wade on Attachments, 204; 9 Cent. L. J. 249.

McINTOSH & ALTMAN, *contra.*—(1.) The bank was not a *bona fide* creditor when it received notice of complainants' ownership of the stock, and when application was made to have the transfer entered on the books. The bank then had no judgment, and the judgment afterwards rendered can not relate back to the levy of the attachment, so as to cut off the intervening equities of complainants. *Jones v. Latham,* 70 Ala. 164, is decisive of this point. See, also, 76 Ala. 377; 70 Ala. 403. It must be remembered, too, that the attachment was sued out against Davin before the debt was. due, the note being entitled to days of grace as commercial paper. (2.) The attachment was waived, or abandoned; no judgment of condemnation was rendered, nor *vend. ex.* ordered or issued; but only a judgment in ordinary form, as on personal service, and an award of execution.

STONE, C. J.—We have many decisions in this State interpreting registration statutes. *Daniel v. Sorrells,* 9 Ala. 436, is a leading authority on the question it discusses. That case arose under the act "concerning the registration of deeds and patents," approved January 15, 1828.—Sess. Acts, 44-5; Clay's Dig. 256, § 8. It provided, that "all deeds, recorded within six months from the date of their execution, shall have force, and be valid and operative between the parties thereto, and subsequent purchasers and creditors." The question considered and determined in *Daniel v. Sorrells* was, who were creditors within the statute, who could take advantage of the failure to record deeds within six months after their execution?. The decision was, that only *judgment creditors having a lien* could assert priority over such deed.

The principle settled in *Daniel v. Sorrells* was re-affirmed in *Jordan v. Mead,* 12 Ala. 247; *DeVendell v. Doe, ex dem. Hamilton,* 27 Ala. 156, and *Tutwiler v. Montgomery,* 73 Ala. 263.

The same construction of the word creditors was given in the following cases, in which the question arose on statutes not relating to registration: *Thomason v. Scales,* 12 Ala. 309; *Preston v. McMillan,* 58 Ala. 85; *Walker v. Elledge,* 65 Ala. 51; and *Dickerson v. Carroll,* 76 Ala. 377. These last two decisions, however, were rested on the peculiar language of our statute, which declares that "no trusts, whether implied by law, or created or declared by the parties, can defeat the title of creditors, or purchasers for a valuable consideration, without notice."—Code of 1886, § 1846. Without the stat-

ute, the rights of creditors, even with a lien, could not prevail over trusts implied by law.—*Preston v. McMillan, supra.*

Cases have been before us, in which controversies have arisen between parties claiming to be transferrees of stock in corporations, and creditors of the transferrors. The following are some of the cases: *Nabring v. Bank of Mobile,* 58 Ala. 204, in which the transfer had been made on the books of the conpany; no question arose in that case, which is material to the present one. *Jones v. Latham,* 70 Ala. 164, was the case of a creditor having an execution, followed by a levy on the stock; we held that the bill was imperfect for the want of necessary averments. In that case we interpreted section 2043 of the Code of 1876— § 1670, Code of 1886—and ruled that the word *creditors* in that section meant judgment creditors having a lien. No question of attachment lien arose in that case, for none had been issued. A judgment had been recovered against Rushing, in whose name the stock had been issued, and still stood on the books of the corporation, execution on the judgment, levy, sale and purchase by Jones. The bill in that case, like the present one, was filed by the alleged purchaser of the stock from Rushing, and sought to compel a transfer of the stock to him, Latham. We interpreted the one section, 2043 of the Code of 1876, and held that the word *creditor* in that section meant a judgment creditor having a lien. As we have said, we did not, and could not, consider the effect of an attachment levy, for the record presented nothing of the kind.

*Fisher v. Jones,* 82 Ala. 117, was the case of an attachment levied on the stock, and the question whether the attachment lien would prevail over a prior sale of the stock, which had not been transferred on the books of the corporation, was approached, but not decided. We held that there had been a transfer of the stocks on the books of the corporation, before the attachment was levied, and this rendered a decision of the other question unnecessary. Which of the rights will prevail over the other is an open question in this court, so far as any direct and necessary decision of the question is concerned.

The following are the facts of this case: Davin was indebted to the Berney National Bank, and on the 8th day of August, 1887, the bank sued out an attachment against him, which, on the same day, was levied by the sheriff on twenty shares of the capital stock of the Bessemer Land & Improve-

ment Company, a private corporation under the laws of Alabama. The secretary of the B. L. & I. Co. had, on the demand of the sheriff, furnished him a written statement, that on that day twenty shares of the capital stock stood on the books of the company in the name of Davin, defendant in attachment. When the attachment was levied on the stock, the sheriff immediately gave notice to the secretary of the company, and so indorsed in his return. The sheriff also stated in his return, that "written notice of the above levy was this day given by me, in which notice the said W. W. Davin, defendant, was required to appear and plead, or demur to the complaint filed in this cause, within thirty days from this date." In the suit by the bank, judgment was recovered against Davin, November 15, 1887; and under process issued for its collection, the sheriff was about to sell the stock as the property of Davin.

Under our statute, the levy of an attachment creates a lien in favor of the plaintiff, on the property or effects attached.—Code of 1876, § 3280; Code of 1886, § 2957, and authorities cited. The lien, however, is inchoate, and does not become complete and enforceable, unless and until a judgment is recovered in the suit.—1 Brick. Dig. 162, §§ 105, 108, 109, 113.

The case made by the bill, and sustained by the proof, is as follows: Davin, having possession of a certificate of twenty shares of the capital stock of the Bessemer Land & Improvement Company, indorsed the same in blank, and the same was sold for a valuable consideration to Pinckard, DeBardelaben & Co. This was some time prior to the levy of the bank's attachment. Neither the secretary of the B. L. & I. Co., the bank, nor any of its officers, had any notice of this sale, until after the attachment was levied. After the levy, but before the judgment was recovered against Davin, Pinckard, DeBardelaben & Co. presented the certificate to the secretary of the B. L. & I. Co., and demanded that it be transferred to them on the books of the company. A by-law of the company had made a provision for such transfer. The secretary refused to make such transfer, and the present bill was filed to compel him to do so, and to enjoin the sale of the stock under the bank's process. The City Court, sitting in equity, granted the relief prayed.

The levy of the attachment in this case being prior to the date when the Code of 1886 went into effect—December 25, 1887—the question of error *vel non* must be determined by the statutes as found in the Code of 1876.

In *Jones v. Latham*, 70 Ala. 164, in which the creditor claimed no attachment levy, but only a judgment, we said, speaking of section 2043 of the Code, "We have uniformly interpreted the words '*bona fide* creditors,' in statutes like this, to mean judgment creditors having a lien." As we have said, that was not a question in that case. Possibly, the proposition was stated too broadly, and was liable to mislead. But is not the Berney National Bank a judgment creditor having a lien? True, the judgment did not ante-date the notice of transfer of the stock, but the attachment levy did. And when the lien became complete by the recovery of the judgment, may it not be said, that by force of our statute it related back to the levy of the attachment, and fixed the lien as of that date? But we need not decide this.

We think section 2043 of the Code of 1876—§ 1670, Code of 1886—must be construed in connection with other sections in the same chapter. Section 2021 provides, that "the shares or interest of any person in any incorporated company are personal property, and transferrable on the books of company, in such manner as is or may be prescribed by the charter, or articles of association, or by-laws and regulations of the company; and such shares or interest may be levied on by attachment or execution, and sold as goods and chattels; and the purchaser shall be the owner of the shares, or interest bought by him, and the officer making the sale shall transfer the same to the purchaser in writing, which shall be registered on the books of the company." See Code of 1886, § 1673.

Section 2044 of the Code of 1876 provides, that "persons holding stocks not so transferred or registered,    .    .    . must have the transfer    .    .    . made or registered on the books of the company; or, upon failing to do so within fifteen days, all such transfers    .    .    . shall be *void as to bona fide* creditors, or subsequent purchasers without notice." Code of 1886, § 1671.

We feel constrained to construe the foregoing provisions, first, as placing stocks in private corporations on the same footing as other personal chattels, as to their amenability to levy either under execution or attachment; second, that if a transfer of such stock is not recorded within fifteen days after the transfer, then such transfer is void as to *bona fide* creditors, or subsequent purchaser without notice; and, third, that a judgment creditor having a lien, or an attaching creditor who perfects his lien by the recovery of judgment, is

each a *bona fide* creditor from the inception of the lien.  The question as to priority of lien was settled as we have declared it, in *Hardaway v. Semmes*, 38 Ala. 667.  See, also, *Jordan v. Mead*, 12 Ala. 247; *Application of Thomas Murphy*, 51 Wisc. 519: *Weston v. B. R. & A. Mining Co.*, 5 Cal. 186; s. c., 63 Amer. Dec. 117; *Fisher v. Jones*, 82 Ala. 117.

We place our ruling above on the language of the statute, which, as we interpret it, accords equal efficacy to attachment levy, as it does to levy under execution.  But, a plaintiff in attachment levied, does not thereby become a purchaser (*Wollner v. Lehman*, 35 Ala. 274), and can assert no claim as such.

We have ruled above that, under our statutes, Pinckard, DeBardelaben & Co. were allowed fifteen days after their purchase of the stock, within which to have it transferred on the corporation books, and that failing to do so within that time, the stock became liable to levy under execution or attachment, at the suit of any creditor of Davin, in whose name the stock stood on the books.  The question of the length of time elapsing between the purchase by Pinckard, DeBardelaben & Co. and the levy of attachment, does not appear to have been mooted or considered in the court below.  From any thing shown in the record, or in the argument, we infer it was deemed immaterial.  The bill raises no such question, but states a time which was more than fifteen days before the attachment.  The demurrer fails to object to the bill on this account; and the testimony only shows that the purchase antedated the attachment.  Under these circumstances, if we were to render a final decree on a question that was neither considered nor raised in the court below, we might do an injustice.

It is contended for appellees, that if appellant acquired a prior lien by the levy of its attachment, followed by a judgment on the claim, it forfeited or waived it by suing out an execution, instead of a *venditioni exponas*.  There is nothing in this.  The levy and judgment give the perfect lien, not the final process for its enforcement.  If necessary, a *venditioni exponas* may yet be sued out.

The decree of the chancellor is reversed, and the cause remanded, with instructions to dismiss the bill, unless there is amendment both in the averments and the proof, so as to show complainants are entitled to recover under the principles of this opinion.

Reversed and remanded.