# Abels *v.* Planters & Merchants Ins. Co.

*Bill in Equity to compel Transfer of Stock on Bonds of Corporation, and Issue of Certificates; Cross-Bill by Rival Claimant.*

1. *Levy of attachment on stock in corporation; notice to custodian of books.*—Under the statute providing for the levy of an execution or attachment on stock in a corporation, notice of the levy is required to be given to the custodian of the books of transfer (Code, § 1673); but, the statute not requiring that the notice shall be in writing, oral notice is sufficient.

2. *Transfer of stock in corporation; conflicting claims of transferree and attaching creditor.*—Under statutory provisions (Code, §§ 1670-73),

[Abels v. Planters & Merchants Ins. Co.]

the levy of an attachment on shares of stock in a corporation, accompanied with proper notice, creates a lien, which becomes perfected by the subsequent recovery of judgment; and it must prevail against the claim of a prior transferree, which was not registered on the books within fifteen days after the transfer, nor demand for registration made until after the levy of the attachment, although notice of the transfer was given to the custodian of the books prior to the levy.

3. *Cross-bill; when relief may be granted, though original bill be dismissed.*—When the original bill is filed by a transferree of stock in a private corporation, against the corporation and an attaching creditor of the transferror, seeking to compel a transfer of the stock on the books of the corporation, and the issue of new certificates to himself; if the complainant fails to make out his case, and his bill is dismissed, the attaching creditor may nevertheless have a decree under a cross-bill, requiring a transfer of the stock to himself on the books of the corporation.

APPEAL from the Chancery Court of Mobile.
Heard before the Hon. THOS. W. COLEMAN.

F. G. BROMBERG, for appellant.—By virtue of Pearce's power of attorney. the appellant became the owner of Pearce's stock as collateral security.— *Winter v. Montgomery Light Co.*, 89 Ala. 544. A sufficient notice of this transfer was given to the Mobile Real Estate Co., by appellant's agent, to have authorized a transfer of the stock to appellant on the books of the Real Estate Co.—Code, § 1671; *Fisher v. Jones*, 82 Ala. 117. The Planters & Merchants Ins. Co. were only attaching creditors, and not *bona fide* purchasers for value; and, hence, the notice given by appellant to the Real Estate Co. of the transfer of the stock to her was good as against the said Ins. Co. *Wollner v. Lehman*, 85 Ala. 281. The judgment recovered by the Ins. Co. against Pearce in the City Court was void; and a void judgment can be assailed collaterally.—Code, § 2936; *Wightman v. Karsner*, 20 Ala. 453; *Phillips v. Ash*, 63 Ala. 414; *Henderson v. Ala. Gold Life Ins. Co.*, 72 Ala. 32; Freeman on Judgments, §§ 116–117.

OVERALL & BESTOR, *contra.*—The stock was subject to levy and sale.—Code, § 1673. No sufficient notice of the transfer of the stock by Pearce to Mrs. Abels was given by her to Real Estate Co.; and no such registration or memorandum of the hypothecation of said stock made on the books of the Real Estate Co. as would hold against the Planters & Merchants Ins. Co.—Code, §§ 1670–71; *Berney Nat. Bank v. Pinckard*, 87 Ala. 577; *White v. Rankin*, 90 Ala. 541. The sheriff's return on the attachment shows the levy, and that proper notice was given to the custodian of the books.—*Dunklin v. Wilson*, 64 Ala. 162; Wade on Notice, §§ 1048, 1085, 1378;

Cooley on Taxation, p. 195. The Chancellor should have rendered a decree on the cross-bill of the Planters & Merchants Ins. Co.—Code, § 3460 ; *Wilkinson v. Roper*, 74 Ala. 140.

STONE, C. J.—In this case there are cross-assignments of error. Mrs. Mary Abels, the complainant, filed the original bill on 24th day of October, 1889, against the Mobile Real Estate Company and the Planters and Merchants Insurance Company. She alleged that the certificates for the stock in the Mobile Real Estate Company, the subject-matter of this suit, were regularly transferred to her by Geo. A. Pearce, as collateral security for a loan made by her to him. This transfer of the certificates by Pearce was accompanied by a power of attorney, properly executed, authorizing a transfer of the stock on the books of the company. The stock, however, was never actually transferred on the books of the corporation. The prayer of the bill is, that the complainant be recognized by the Mobile Real Estate Company as the owner of the stock, and that said company be decreed to issue to her certificates for the stock.

The Planters & Merchants Insurance Company filed an answer, setting up its superior claim to the stock in question, by reason of a levy, and sale under execution in an attachment suit brought by it against said Pearce, at which sale this defendant became the purchaser. The Planters & Merchants Insurance Company asked that its answer be taken as a cross-bill against the complainant and its co-defendant, and prayed that the Mobile Real Estate Company be decreed to recognize it as the owner of the stock, and that certificates therefor be issued to it by said Mobile Real Estate Company.

On final hearing, the chancellor decreed that the complainant was not entitled to the relief prayed, and dismissed her bill. He also dismissed the cross-bill. This decree is assigned as error by both the complainant and cross-complainant.

The issue involved is, whether Mrs. Abels, holding the certificates of stock, or the Planters & Merchants Insurance Company, claiming under a purchase at a sheriff's sale under execution founded upon an attachment, is entitled to the stock. The most important question involved, the answer to which determines the issue, is, who first legally asserted, or first took the proper steps to legally assert, the claim to the stock? The answer is found in determining whether the lien of the Planters & Merchants Ins. Co. attached prior to the demand by Mrs. Abels, through her agent, for the transfer to her of the stock, upon the books of the Mobile Real Estate Company.

Section 3280 of the Code provides: "The levy of an attach-

[Abels v. Planters & Merchants Ins. Co.]

ment, or service of garnishment, creates a lien in favor of the plaintiff." The lien thus created is inchoate, and is only rendered complete by the recovery of judgment.—*Berney Nat. Bank v. Pinckard,* 87 Ala. 577; 1 Brick. Dig. 162, §§ 105, 108, 109, 113. The evidence found in the record is in direct conflict as to the levy of the attachment upon the stock. Section 1673 of the Code declares, that shares of stock in a corporation are subject to levy and sale under attachment; and directs the manner of making such levy by indorsement on the writ, and by giving notice to the custodian of the books of the corporation. The secretary of the Real Estate Co., the custodian of the books, testifies that no copy of the writ, no written notice, or other notice of the levy was served upon him; while on the other hand, the deputy sheriff, who made the levy, testifies that on Jan. 21, 1889, he levied upon the said stock, and gave oral notice thereof to the secretary. His indorsement on the writ recites notice to him. We are of the opinion that the preponderance of the evidence goes to show notice. The fact that the notice was oral can not, under the statute invalidate it. The statute simply says, "and giving notice" &c. If written notice was required, would not the statute have said "written notice," or "notice in writing?" The statute which requires notice to the defendant of the levy of an attachment, requires that such notice "shall be given in writing."—Code, § 2937. While we think written notice should be required, we can only be governed by the language of the statute; and in the absence of such direction, we hold the notice of the levy sufficient, and declare that the attachment issued at the suit of the Planters & Merchants Ins. Co. was properly levied on the stock in question.—Code, § 1673; *Martin v. Brown,* 75 Ala. 442; Wade on Notice, § 831. The suit was prosecuted to judgment, and the stock so attached was sold under an execution issued on said judgment, and was purchased by the Planters & Merchants Insurance Company.

Was the stock transferred to Mrs. Abels, or was such a demand as the law requires made for the transfer on the books of the corporation? The undisputed evidence is, that the stock was transferred by Pearce to Mrs. Abels, on March 15, 1888. While there is evidence that on March 28, 1888, the agent of the complainant gave notice to the secretary of the Mobile Real Estate Co. of the transfer of said stock to her, there is no testimony that there was a demand made for its transfer on the books of the company, or that any note or memorandum was made by the secretary of such transfer, until January 26, 1889 (five days after the levy of the attachment on the stock), when her attorney demanded the issue of a certificate for the stock to her.

[Abels v. Planters & Merchant's Ins. Co.]

The statute declares that no transfer of stock shall be valid as against *bona fide* creditors, "except from the time such transfer shall have been registered, or made upon the books of such corporation."—Code, § 1670. Again, section 1671 declares, that "persons holding stock not so transferred or registered, or holding any stock under hypothecation, or other lien, must have the transfer, hypothecation or other lien made or registered on the books of the corporation, or, upon failing to do so within fifteen days, all such transfers, hypothecations, or other liens shall be void as to *bona fide* creditors, or subsequent purchasers without notice."

In *Berney Nat. Bank v. Pinckard et al.*, 87 Ala. 582, construing these two sections, together with section 1673 of the Code, this court, after declaring stock in private corporations amenable to levy under execution or attachment, says : "That if a transfer of such stock is not recorded within fifteen days after the transfer, then such transfer is void as to *bona fide* creditors, or subsequent purchaser without notice; and . . a judgment creditor having a lien, or an attaching creditor who perfects his lien by the recovery of judgment, is each a *bona fide* creditor from the inception of the lien."

The lien being created by the levy of the attachment, which ante-dated the demand of complainant for the transfer of the stock five days, and being perfected and made complete by the recovery of judgment, and, at the sale under execution issued thereon, the Planters & Merchants Insurance Company becoming the purchaser, we hold, that the complainant is not entitled to the relief sought by her bill. We concur with the chancellor in his ruling dismissing complainant's bill; but in view of the law as above laid down, and the facts as disclosed in the record, and under the statute, we are forced to reverse his decree dismissing the cross-bill of the Planters & Merchants Insurance Company.

The general rule is, that when the original bill is dismissed, the cross-bill goes with it. · This rule is based on the idea that the averments of the cross-bill and its subject-matter constitute simply a defense to the original bill, and, therefore, having no individuality, no distinctive relief can be granted. But when the cross-bill avers other facts than those found in the original bill, pertaining to the same subject-matter, and affirmative relief is asked against complainant, upon grounds justifying equitable interference, the dismissal of the original bill does not carry with it the cross-bill. As said in *Wilkinson v. Roper*, 74 Ala. 140, "if the averments of the cross-bill relate to, and spring out of the subject embraced in the original bill, when such cross-bill prays affirmative relief, which is equitable

[National Commercial Bank v. McDonnell.]

in its character, and whi ch requires a cross-bill for its presentation, if the cause, in this condition, is submitted for decree, then although relief may be denied on the original bill, it is the duty of the chancellor to grant such relief on the cross-bill as its averments and the proofs would justify, if they were presented in an original bill." This rule, however, was originally applicable only when the relief asked in the cross-bill was directed against the complainant, and not against a co-defendant. A long line of decisions in this State have so held. *Trimble v. Farris,* 78 Ala. 260; *Lehman v. Dozier,* 78 Ala. 235; *Wilkinson v. Roper,* 74 Ala. 140; *Jones v. Robinson,* 77 Ala. 499; *Gilman v. N. O. & S. R. R. Co.,* 72 Ala. 566.

It was not until the statute was amended by the act approved January 22, 1885—the statute as amended now constituting section 3460 of the Code—that relief could be had against a co-defendant by a statutory cross-bill, as well as against the complainant in the original bill; and the same rules govern the filing of a cross-bill against a co-defendant as against the original complainant.

The chancellor should have granted the relief asked in the cross-bill. His decree in that behalf is reversed, and a decree here rendered granting the relief prayed therein, and ordering that certificates for the said forty (40) shares of stock in the Mobile Real Estate Company be issued to the Planters & Merchants Insurance Company.

Reversed and rendered.