# Marbury Lumber Co. *v.* Hunter.

## Trial of Right of Property.

(Decided Dec. 1, 1910.    53 South. 1028.)

1. *Corporation; Stock; Ownership; Transfer on Books; Execution.*
—Where shares of stock were subscribed for by a defendant in exe-
cution, certificates therefor issued to him and the stock stood upon
the books of the corporation as belonging to him, and was voted by
him at stockholder's meeting, such stock was subject to sale under
execution against such defendant although his mother furnished
the money with which to purchase the stock for her, and held the
certificates without knowledge that the stock was issued to the de-
fendant, since her holding as against judgment creditors was void
in the absence of a compliance with section 3471, Code 1906.

2. *Same; Ownership; Rights and Privileges.*—The ownership of
stock in a corporation carries with it the right to participate in the
immunities and benefits of the corporation, in the choice of its offi-
cers and management of its concern, to share in its dividends and
property, and to receive an aliquot part of the proceeds upon the
winding up and termination of the existence of the corporation.

3. *Same; Transfer on Books; Registration; Bona fide Creditors.*
—A judgment creditor having a lien is a bona fide creditor from the
inception of the lien and within the provision of section 3471, Code
1907, and hence, protected against secret equities.

APPEAL from Randolph Circuit Court.

Heard before Hon. S. L. BREWER.

The Marbury Lumber Company obtained a judgment
against J. W. Hunter, and had execution thereon levied
upon three shares of stock in the Wedowee Oil Mills,
which shares stood in the name of J. W. Hunter on the
books of the corporation. Mrs. K. E. Hunter claimed
the shares and from a judgment sustaining her claim
the execution plaintiff appeals. Reversed and render-
ed.

H. T. BURNS, for appellant. The lien or equity claim-
ed by the claimant was void as against judgment credi-
tors or bona fide creditors.—Sec. 3471, Code 1907;
*White v. Rankin,* 90 Ala.; *Bank v. Pinckard,* 87 Ala.

577; *Fisher v. Jones*, 82 Ala. 117; *Jones v. Lathram*, 70 Ala. 164; *Wetumpka B. Co. v. Kidd*, 124 Ala. 242. Plaintiffs were entitled to full protection as bona fide purchasers.—*Nelson v. Owens*, 113 Ala. 379; *East B. L. Co. v. Dennis*, 85 Ala. 565.

STELL BLAKE, for appellee. A resulting trust arose in favor of Mrs. Hunter, and the equitable ownership was in her although the legal title may have been in J. W. Hunter.—Perry on Trusts, sec. 124; Pom. Eq. secs. 146, 157 and 1036. This being true, there was nothing in the nature of a mortgage, hypothecation or lien, and hence, section 3471, Code 1906, has no application.—*Stickney v. Adler, et al.*, 91 Ala. 198.

MAYFIELD, J.—Appellant obtained a judgment against one J. W. Hunter. Execution was issued on this judgment and levied upon three shares of stock in the Wedowee Oil Mills, a corporation. These three shares of stock were subscribed for by the defendant, and certificates therefor were issued to him, and the stock stood upon the books of the corporation as issued to, and belonging to, the defendant, J. W. Hunter. The appellee was the mother of J. W. Hunter, and claimed that she furnished to her son the money with which to purchase the stock, and instructed him to purchase it for her; that after he did purchase it he delivered the certificates to her, and she had kept them ever since, but did not observe, at the time of the delivery to her, that the stock was issued to her son. The corporation issuing the stock knew nothing of these instructions by the mother to the son, and did not know her in the transaction. The son had always appeared at the meetings of the stockholders, and had voted this stock in such meetings. After the levy, the mother (appellee here)

filed her claim to the stock, and a trial of the right of property was had between her and the plaintiff in judgment (appellant). The case was tried by the court on an agreed statement of facts, substantially as set forth above, and the judgment was rendered for the claimant; and from said judgment, plaintiff prosecutes this appeal.

But one question of law is involved—the facts being undisputed—and that question is: Was the equity of the claimant superior to the lien of the plaintiff in execution? We answer: No. Whatever right the claimant may have had, or now has, against her son, the defendant in execution, she has no right which can prevail against the lien of this plaintiff in judgment, under the admitted facts in this case. While the case is probably not within the letter, it is clearly within the spirit, of the statute.—Section 3471, Code 1907. It is admitted that the claimant never had any legal title to the stock, nor did she ever incur any liability to the corporation, nor was the corporation ever under any duty to issue the stock to her. The only breach of duty to her was by the defendant—the breach of trust in not taking the stock in her name. If the son had transferred the stock to her after the levy, it would have been within the letter and the spirit of the statute, and would have been void as against the plaintiff in execution and judgment. Certainly she is in no better position without, than she would be with, a transfer. There can be no doubt that the defendant in execution was the owner of the stock at the time of the levy, and that it was subject to the process. This was the issue, and the only issue, to be tried; and it should have been decided in favor of the plaintiff.

The ownership of stock in a corporation is the right to participate in the immunities and benefits of the cor-

poration, to vote in the choice of its officers and in the management of its concerns, to share in its dividends and profits, and to receive an aliquot part of the proceeds of the capital on the winding up and termination of the active existence and operations of the corporation.—*Hall v. Henderson,* 126 Ala. 449, 28 South. 531, 61 L. R. A. 621, 85 Am. St. Rep. 53. While the claimant had a right of action in a court of law or in a court of equity against the defendant as to this stock, she has none against the stock which is good in a court of law or of equity against the claim of this plaintiff in execution.

It is contended by appellee that her claim would not be good against a bona fide purchaser of the stock from the defendant in execution; but it is insisted that the plaintiff is not a bona fide purchaser. While as a matter of fact he is not a bona fide purchaser, yet he is a bona fide creditor whom the statute protects against secret equities like the one in question. It was held in the case of *Berney Bank v. Pinckard,* 87 Ala. 582, 6 South. 364, construing the statute in question and reaffirmed in the case of *Abels v. Planters' & Merchants' Insurance Company,* 92 Ala. 386, 9 South. 424, that "a judgment creditor having a lien, or an attaching creditor who perfects his lien by the recovery of a judgment, is each a bona fide creditor from the inception of the lien." There is nothing in the case of *Stickney v. Adler,* 91 Ala. 198, 8 South. 568, in conflict with what is said above. There the creditor was held to be chargeable with notice of the secret equity or lien. There is no pretension in this case that anybody had notice of this secret equity, except the claimant and the defendant; and the claimant is certainly estopped from asserting it against a bona fide creditor such as the plaintiff is shown to be.

[Mobile J. & K. C. R. R. Co. v. Odom.]

It follows that the judgment below is reversed; and one is here rendered for the plaintiff, such as the lower court should have rendered.—Code 1907, § 2890. The case of *White v. Rankin*, 90 Ala. 541, 8 South. 118, is conclusive of this case, and on it the decision in this cause might well be rested. See, also, Cook on Corp. § 490.

Reversed and rendered.

SIMPSON, McCLELLAN, and SAYRE, JJ., concur.