# Jones *v.* Hardy *et al.*

*Bill in Equity for an Accounting.*

127   221
s133  214

1.  *Chancery jurisdiction; multifariousness.*—While a court of equity will, under certain circumstances, assume jurisdiction of a single bill to prevent a multiplication of suits, it will not do so when the causes of action, as set forth in said bill, are entirely separate and distinct from each other and depend for their adjustment upon no act or connected right, relation or interest; and when the jurisdiction of a court of equity is invoked by a single complainant against several defendants, to whom his interest is separately opposed, his bill is subject to demurrer, unless he shows that the interest of the defendants are in some way related or connected with each other, and the property rights or questions involved in the suit arise out of transactions having reference to, or connected with, one another.

APPEAL from the Chancery Court of Marengo.
Heard before the Hon. THOMAS H. SMITH.
The bill in this cause was filed by the appellant, Winston Jones, against the appellees, L. D. Hardy, Jacob

Marx and Ed. Marx, August Schwarz, M. Ely, Fannie Marx, Moses Marx, and the First National Bank of Demopolis.

It is averred in the bill that the complainant lived in Mobile and was engaged in the business of a commission merchant there; that he owned certain plantations in Marengo county, Alabama, and employed the defendant, L. D. Hardy, as overseer or manager of his plantations in Marengo county; that during that time said Hardy was employed as overseer, and notwithstanding it was agreed and understood between them that he should keep an accurate set of books, showing a true account of his transactions as such manager, he, Hardy, failed to keep correct books and accounts as such manager; that during the time he was acting as overseer or manager of said plantations, he, on several different occasions, sold or disposed of cotton and other property belonging to the complainant, to the parties who are made his co-defendants in the bill, and to other parties unknown to the complainant, without the knowledge or consent of the complainant; that at different times the complainant furnished Hardy, as his agent and representative in the management of said plantations, with sufficient goods, money, merchandise and provisions to supply the demands of his plantations, and with which "to run said plantations"; that said Hardy disposed of the goods, money and merchandise, etc. so delivered to him, collected the cotton and other crops produced on the plantations, converted the same to his own uses, and failed to keep a correct set of books, or to render a correct account to the complainant as such overseer or manager; that complainant, at various times demanded an accounting of Hardy of the cotton and other crops raised by him on said plantations, but that Hardy failed and refused to render any account of his agency or any account of the cotton received and disposed of by him; that the sales of the cotton and other crops by Hardy to his co-defendants in this suit were not entered on the plantation books, and upon demand of the complainant for the books, Hardy delivered some of said books, but refused

to· deliver others to the complainant; that the cotton and other crops and property disposed of by Hardy to his co-defendants in the present suit were disposed of without the knowledge, consent, direction or authority of the complainant.

The bill then averred as follows: "Orator avers that he has no means of establishing a full and correct account of money used by said Hardy, and of the goods and merchandise sold by him from said plantation, and of cotton and corn and other agricultural products from said plantation disposed of by him while he was orator's agent; and orator avers that he has no means of knowing to whom said cotton and other products were sold, except by and through discovery from said Hardy and the parties who received from him said cotton and other products; and orator avers from the manner in which plantation books were kept by said Hardy and from his failure to render an account of his agency, and from the number of bales of cotton and amount of corn made on said plantation for the said several years, and from the many and divers sales of said cotton and corn by said Hardy while acting as such agent or overseer, without the knowledge and consent of orator and against orator's instructions, the items of mutual accounts between orator and said L. D. Hardy, and between orator and said parties who purchased of said Hardy are numerous and complicated; and run through a series of years, and can only be properly adjusted by a court of equity."

The other averments of the bill are sufficiently stated in the opinion.

The prayer of the bill was as follows: "Orator prays that an account may be had and stated in this honorable court between orator and said L. D. Hardy, of the agency of the said Hardy and of the amount due your orator from said Hardy, and a decree rendered thereon, and that an account may be had by this honorable court between orator and the said co-defendants of said Hardy hereinbefore named, for the amount of said cotton and other products and property belonging to orator and received from said Hardy, and converted by said defendants to their own use."

[Jones .v. Hardy *et al.*]

To this bill, the complainant Hardy demurred upon several grounds, which were substantially as follows: 1. Said bill fails to show such a case of complication in the accounts kept by this defendant as gives this court jurisdiction. 2. Said bill fails to show any mutuality in the accounts sought to be rendered. 3. The facts averred in the bill show that the complaniant has a full, adequate and complete remedy in a court of law. 4. It is not alleged in said bill that the answer of this defendant is essential for the complainant to ascertain the true account between the complainant and this defendant.

The other defendants in the case filed separate demurrers to the bill upon several grounds, which were substantially as follows: 1. That the facts of the bill show that the complainant has a full, adequate and complete remedy at law against each of said defendants. 2. That the bill was multifarious in that each of said claims against each of these several defendants had no connection whatever with one another, and were separate and distinct demands. 3. That the bill was without equity as against these defendants.

Upon the submission of the cause upon the demurrers, the chancellor rendered a decree overruling the demurrer interposed by the defendant Hardy, and sustained each of the separate demurrers interposed by the other defendants.

From this decree the complainant appeals, and assigns the rendition thereof as error.

TAYLOR & ELMORE, for appellant.—This bill is a simple bill for "an accounting in equity," and "an auxiliary discovery" between complainant and his agent, manager or steward, who occupied a fiduciary relation to him, and other parties to whom the agent had sold property of complainant without any authority to do so.—1 Am. & Eng. Encyc. 1094; 1 Story Eq. Jur., §§ 462, 463 and 466. "Stewards were early and special subjects of equity accounting." Overseer or manager of a plantation is but a modern name for steward. See Story *supra,* § 466, cited and approved in *Dallas*

[Jones v. Hardy *et al.*]

*Co. v. Timberlake,* 54 Ala. 403.

The bill is not multifarious.—*Hill Bros. et als. v. Moore,* 104 Ala. 353; *Hinds v. Hinds,* 80 Ala. 225; *Halstead v. Shepperd,* 23 Ala. 558; *Handley et als. v. Heflin et als.,* 84 Ala. 600; *Dallas Co. v. Timberlake,* 54 Ala. 403-411.

ABRAHAMS & CANTERBURY, DEGRAFFENRIED & EVINS and WILLIAM CUNNINGHAME, *contra.*—The bill filed in this cause is multiforious. It presents several distinct defendants claiming title in different modes, not in any manner connected with each other, nor through any common source. The bill fails to allege any act in which the several defendants have participated, and fails to show a combination, or conjoint purpose between complainant's agent, Hardy, and his co-defendants to defraud the complainant; nor are the acts charged against the several respondents shown to have any connection, one with the other.—14 Encyc. Pl. & Pr., 200; *Dickinson v. Lewis,* 34 Ala. 638; *Sumter County v. Mitchell,* 85 Ala. 313; *Amer. Ref. Co. v. Linn,* 93 Ala. 610; *Hardin v. Swope,* 47 Ala. 273; *Clay v. Gurley,* 62 Ala. 14; Pomeroy's Equity, 268; Story's Equity Pleading (2d ed.) §§ 225, 226, 227, 231, 232, 285, 285a, 286.

SHARPE, J.—The bill alleges in substance that the defendant Hardy who was the complainant's agent in the management of certain plantations, without authority made sales of complainant's crops and used their proceeds and that he wrongfully appropriated to his own use moneys supplied by complainant to him as such agent, and that as to those matters there is a necessity for a discovery and accounting. It is as recipients of the property so disposed of by Hardy that the defendants other than he are sought to be held liable.

As against Jacob and Ed Marx it is alleged in effect that with knowledge of Hardy's agency they bought from him a quantity of cotton and corn belonging to complainant, and that they received from Hardy and

applied to his individual account moneys belonging to complainant.

Defendant Schwarz is charged with buying sixty-two bales of the cotton from Hardy which she afterwards sold to the defendant Ely, and Ely is charged with converting the cotton to his own use by reselling it. The defendant bank is alleged to have bought other bales from the same source, and Fanny and Moses Marx are jointly charged with buying from Hardy still other bales of complainant's cotton.

The supposed necessity for suing the defendants jointly appears in the following quotation from the bill: "Said Hardy and said parties to whom said cotton was sold are guilty of conversion of orator's property and are liable to him for the value of the same; and orator avers that to sue all the parties who purchased from said Hardy property of complainant would be costly and would require a great multiplicity of suits; and orator avers that he brings this his suit in the chancery court to avoid the multiplicity of suits by reason of the number of defendants who would be separately interested in the several conversions."

To settle several controversies in a single suit and thereby prevent a multiplication of suits, equity will assume jurisdiction under a variety of circumstances, but it will never interfere to forestall legal remedies when the causes of suit are entirely separate and distinct from each other and depend for their adjustment on no common or connected right, relation or necessity. When the jurisdiction is invoked by a single complainant against several to whom his interest is separately opposed he must show that the interests of the defendants are related to each other as being connected with, or convergent in, the property right or question involved in the suit.—Pom. Eq. Jr., § 274.

Except as to the defendant Hardy the matters depended on for relief are purely of legal cognizance, springing from separate tortious acts done outside the scope of Hardy's agency so that neither the fact of agency or other fact alleged in the bill established any connected relation between the defendants or their acts

complained of which will authorize a resort to equity for the purpose of avoiding numerous suits, nor is there anything else alleged which gives the bill equity as to the defendants whose demurrers were sustained.

Let the decree appealed from be affirmed at appellant's cost.

