# *Ex parte* Jones.

## *Petition for Mandamus.*

1. *Mandamus; when issued to correct erroneous rulings.*—While ordinarily it is not the office of a writ of *mandamus* to revise judicial action, but to compel such action, yet a writ of

*mandamus* will lie to correct an erroneous ruling of a court, where injury results and there exists no right of appeal or other adequate means of redress.

2. *Equity practice; when complainant can dismiss bill.*—As a general rule, a complainant has a right to dismiss a suit in equity whenever he elects to do so, but he can not, as a matter of right, dismiss his suit when the respondent has acquired rights in the proceeding by answer or cross bill, and would be prejudiced by such dismissal.

This was an original application for *mandamus* filed in the Supreme Court by petitioner, Winston Jones. The facts of the case are sufficiently stated in the opinion.

PETTUS, JEFFRIES & PARTRIDGE, for appellant, cited *Abel v. Ins. Co.*, 92 Ala. 382; *Wilkinson v. Roper*, 74 Ala. 140; *Simmons v. Williams*, 27 Ala. 507; *Knight v. Drane*, 77 Ala. 371; *Gafford v. Proskauer*, 59 Ala. 264; *Con. Life Ins. Co. v. Webb*, 54 Aa. 694; 19 Ency. Pl. & Pr., 719.

WILLIAM CUNNINGHAME, *contra*, cited Code, § 703; 5 Ency. Pl. & Pr., 868, 879, note; *Corleton v. Darcy*, 75 N. Y. 375; *Van Alen v. Schermerhorn*, 14 How. Pr. 287; *Bradford v. Andrews*, 20 Ohio St. 221; *Taylor v. Kolb*, 100 Ala. 603; *Ex parte Horn*, 92 Ala. 102.

DOWDELL, J.—This is a petition for a *mandamus* to compel the chancellor to vacate an order made by him in the cause of Winston Jones v. L. D. Hardy pending in the chancery court of Marengo county, in which the chancellor on the application of Hardy set aside and annulled an order made by the register of said court in vacation, dismissing the complainant's bill, on the motion of the complainant, Winston Jones. The facts as stated in the petition show, that the petitioner, Winston Jones, filed his bill in the chancery court of Marengo county against L. D. Hardy and others, seeking a discovery and an accounting. Demurrers were interposed by the several defendants, which were sustained as to all of the defendants, except the defendant Hardy, and were overruled as to him. This decree on the demurrers was affirmed on appeal to this court.—*Jones v. Hardy*

*et al.,* 127 Ala. 221. The defendant, Hardy, also filed an answer, which was made a cross-bill. In his answer, after admitting certain averments of the bill, and denying others, he claimed a set-off against the demand of the complainant, which was germane to, and arose out of the matters alleged in the bill.

The defense of set-off pleaded in the answer and upon which the affirmative relief is sought by way of cross-bill, is purely legal as contradistinguished from equitable. It is matter, as to which, the cross-complainant has a complete and adequate remedy at law. And while it is proper subject for a cross-bill, where affirmative relief is prayed, it is not an independent equity, or matter of purely equitable cognizance, such as would support an original bill in the first instance. In such a case the dismissal of the original bill carries with it the cross-bill.—*Abels v. P. & M. Ins. Co.,* 92 Ala. 382; *Wilkerson v. Roper,* 74 Ala. 140.

The order of the chancellor, vacating the order of dismissal made by the register in vacation, and restoring the cause to the docket, was purely interlocutory, and from it no appeal would lie. Not being an interlocutory decree from which the statute authorizes an appeal, the only remedy left to the complainants is by *mandamus.* It is true, that ordinarily, it is not the office of this writ to review and revise judicial action. but generally to compel such action; yet, as has been decided by this court, the writ will lie to correct the erroneous ruling of a court where injury results, and there exists no right of appeal or other adequate means of redress.—*Ex parte Woodruff,* 123 Ala. 99; *Wilson v. Duncan,* 114 Ala. 659; *Ex parte Tower Man. Co.,* 103 Ala. 415; *Ex parte Hayes,* 92 Ala. 120.

To determine whether the ruling of the court be erroneous, and such as entitles the petitioner to this remedy, of necessity involves a consideration and review of the action of the court complained of in the petition. And if it be concluded upon such review and consideration that there is no error, the writ, as a matter of course, would be denied. The complainant had his bill dismissed, on application to the register in vacation, under the provisions of section 703 of the Code, which reads as

follows: "Before an answer on cross-bill is filed, the complainant may, on application to the register in vacation, dismiss the suit. On such application, the register must enter on the minutes an order of dismissal; and may issue execution against the complainant for all costs which have accrued. After answer or cross-bill filed, the complainant may, on application to the register in vacation, dismiss the suit; and the register must enter an order of dismissal on the minutes. But the defendant, at the next succeeding term of the court, may show cause against the dismissal, and procure a vacation of the order. If cause is not shown at the next succeeding term, the order is final; and execution may issue against the complainant for all costs which have accrued." It was under the second clause of this statute that the dismissal was had. It is plain, that by the terms of the statute, the dismissal before the register does not become final, until upon failure of the defendant at the next succeeding term of the court to show cause against such dismissal. It is equally plain, that upon cause shown by the defendant against the dismissal at the next succeeding term of the court, the order of dismissal made by the register will be vacated. The cause shown against dismissal, must, of course, be a sufficient and good cause. The question is not whether the cross-bill contains independent equity, for if such were the case, the dismissal of the original, would not affect the cross-bill. Besides, by the terms of the statute, cause may be shown against the dismissal, after the filing of the cross-bill or answer. It was evidently the purpose of the legislature in authorizing the complainants to dismiss his suit in vacation, after answer or cross-bill had been filed, to guard against the dismissal of any suit that might operate prejudicially to the defendant, by providing for vacating the order of dismissal for cause shown at the next succeeding term. The present case affords a fair illustration of the wisdom of the provision in the statute. The original bill, answer and cross-bill are made a part of this petition for a *mandamus* as exhibits. The answer and cross-bill of the respondent show a set-off pleaded growing out of the subject matter contained in the original bill, and affirmative relief is prayed as to such set-off.

The facts as averred in the answer and cross-bill further show that the demand sought to be set-off is of such nature and character, that any right of action on the same at law at the time of the dismissal of the suit before the register, would be barred by the statute of limitations, whereas the set-off claimed, was not barred when complainant began his suit against the respondent. It would result then that if the suit of the complainant were permitted to stand dismissed under the order of the register, the defendant would be barred of any action against the complainant, by the statute of limitations, for his demand claimed as a set-off in his answer and cross-bill. If there is any merit in his set-off, undoubtedly then, the dismissal by the complainant of his suit, would operate prejudicially to the rights of the defendant. As a general rule a plaintiff has a right to dismiss his suit, whenever he elects to do so. But this rule has its exceptions. It seems that a plaintiff may not as a matter right dismiss his suit when the respondent has acquired rights in the proceedings by answer or cross-bill, and would be prejudiced by such dismissal. See *City of Detroit v. Detroit City R'y Co.,* 55 Fed. Rep. 569; *Bank. v. Rose,* 1 Rich. Eq. 294; 6 Ency. Pl. & Pr., p. 843, § 6, and notes where cases are collated. Although the chancellor based his ruling in ordering the cause reinstated on the docket, on the erroneous theory that the cross-bill contained independent equity, we are of the opinion that there was good cause shown for vacating the order of the register, and the order of the chancellor, that the cause be reinstated, was in effect the equivalent of such order. We do not think that the petitioner here, is entitled to the *mandamus* on the facts shown, and the same will be denied.

Mandamus denied.