# McGlathery *v.* Richardson Bros. & Co.

## *Bill in Equity for the Cancellation of a Chancery Decree and for Injunction.*

1. *Chancery pleading and practice; equitable relief against execution of decree.*—While, as a general rule, when a person seeks to prevent the execution of a decree in chancery, the proper practice requires him to obtain the relief sought by filing a petition in the pending suit, still, where the relief sought is not only the restraining of the execution of the decree, but to have the decree annulled upon the ground of fraud in its procurement, the proper proceeding is by original bill, and not by petition.

2. *Same; necessary parties to bill seeking to set aside and annul a decree.*—Where a bill is filed for the purpose of preventing the execution of a decree in chancery, and to have said decree set aside and annulled on the ground of fraud, all of the parties to the decree must be made parties to the pending suit; and upon the failure to have all of the parties to the decree sought to be set aside before the court, such bill may be properly dismissed by the court *ex mero motu.*

3. *Same; effect on cross bill by dismissal of original bill.*—Where the equity of a cross bill is dependent upon the original bill, the dismissal of the original bill carries the cross bill with it; and relief can not be granted under the cross bill.

4. *Same; when chancellor assigns wrong reason for ruling.*—The fact that in his opinion accompanying a decree, a chancellor may assign a wrong reason for dismissing the complainant's bill is immaterial, when it is shown that the bill was properly dismissed for want of necessary parties.

APPEAL from the Chancery Court of Morgan.

Heard before the Hon. WILLIAM H. SIMPSON.

The bill in this case was originally filed on June 1st, 1896, by F. S. McGalthery and D. R. McGlathery, husband and wife, against Richardson Bros. & Co., a copartnership, and the individual members of said partnership, and Smith & Francis, a partnership, and the individual members of said firm, and the following facts were averred:

On May 15, 1890, the complainants, F. S. and D. R. McGlathery, executed a mortgage to Smith & Francis, to secure an indebtedness due them evidenced by a primissory note. The note was due in November, 1890. This note and mortgage were transferred by Smith & Francis to Richardson Bros. & Co. On January 28, 1891, Richardson Bros. & Co. filed their bill in the city court of Decatur, for the purpose of foreclosing the mortgage executed by the complainants to Smith & Francis, and transferred by Smith & Francis to Richardson Bros. & Co. On May 25, 1891, there was a decree *pro confesso* rendered against the defendants, and on June 16, 1891, a final decree was rendered foreclosing said mortgage. A sale was made under this decree, at which said Richardson Bros. & Co. became the purchasers. This sale was confirmed by the court and a personal decree against F. S. and D. R. McGalthery was rendered for the balance due upon the mortgage debt after crediting thereon the amount paid by the purchasesr at the foreclosure sale. After the rendition of this personal decree, the said city court of Decatur was abolished by act of the General Assembly, and the records and decrees and all other business belonged to the equity side of said court were transferred to the chancery court of Morgan county. Upon the personal decree against F. S. and D. R. McGlathery a writ of garnishment was sued out by the chancery court by Richardson Bros. & Co. and was served upon the Western Assurance Company as garnishee. It was then averred in the bill that no summons requiring them to appear, plead to or answer the bill filed by Richardson Bros. & Co. was ever served upon either F. S. or D. R. McGlathery; that neither of them ever received personal service nor were they ever notified by publication or otherwise as to the pendency of said suit, and that they did not know of the existence of said suit or of the rendition of the said decree therein until the 29th day of April, 1896.

The averments of the bill as to fraud in obtaining the decree in the suit of Richardson Bros. & Co. was as follows: "Complainants further state that the decree obtained against them by said . Richardson Brothers &

Company in said city court of Decatur as aforesaid, was obtained without making them parties to said suit, and that said final decree rendered in said suit of Richardson Brothers & Company against them and against each of them is fraudulent and void as to them and as to either of them."

It was then averred in the bill that D. R. McGlathery was at the time of the execution of the mortgage to Smith & Francis the wife of F. S. McGlathery; that she was not at that time indebted to Smith & Francis, nor did she execute said note and mortgage; that said mortgage was made to secure a personal indebtedness to F. S. McGlathery, and the property conveyed therein was the separate estate of D. R. McGlathery. It was further averred that the indebtedness sought to be subjected to the payment of the personal decree in favor of Richardson Bros. & Co. by the writ of garnishment served upon the Western Assurance Company was an indebtedness due to D. R. McGlathery upon the policy of fire insurance which was issued by said Assurance Company upon a stock of goods owned by said D. R. McGlathery.

The prayer of the bill was that said decree in the foreclosure suit in favor of Richardson Bros. & Co. should be set aside as fraudulent and void, and that said Richardson Bros. & Co. be restrained from collecting by process of garnishment the indebtedness due D. R. McGlathery from the Western Assurance Company.

Smith & Francis demurred to the bill upon the ground that it was shown therein that they had no interest in the matter involved in the suit, and were not proper parties. This demurrer was sustained. Subsequently the original bill was amended by striking out as party complainant F. S. McGlathery. Richardson Bros. & Co. filed their answer, in which they admitted the execution of the mortgage of F. S. McGlathery and D. R. McGlathery to Smith & Francis, the transfer of said mortgage, before foreclosure thereof by bill in equity, and the rendition of the personal decree against F. S. and D. R. McGlathery, but denied that said decree was obtained by fraud, and further denied that the complainants in the present bill were not served with notice by service of summons

[McGlathery v. Richardson Bros. & Co.]

in said suit. It was then averred in the answer that the indebtedness from the Western Assurance Company which was sought to be subjected by process of garnishment to the payment of the personal decree, was an indebtedness of the Assurance Company to F. S. McGlathery; that if D. R. McGlathery had any interest or claim in the property covered by the policy of insurance it was by her conversion of said property, or by reason of the conveyance thereof to her by F. S. McGlathery for the purpose of hindering, delaying and defrauding his creditors. This answer also denied that the indebtedness secured by the mortgage to Smith & Francis was solely the personal indebtedness of F. S. McGlathery, and that his wife, the complainant in the original bill, was a mere surety for such indebtedness.

The defendants prayed that their answer be taken as a cross-bill, and that it be decreed by the court that the conveyance of the property covered by the policy of insurance to D. R. McGlathery be declared fraudulent and void, and that it be further decreed that the amount due from the Western Assurance Company on said policy be subjected to the payment of the cross-complainant's demand, as evidenced by said personal decree.

There were demurrers interposed by the defendants to the original bill, but it is unnecessary on this appeal to set them out at length.

On the final submission of the cause upon the pleadings and proof the chancellor decreed that the complainants in the original bill were not entitled to the relief prayed for, assigning as his reason that the complainants remedy was by petition and not by original bill. It was also decreed that the cross-complainants on the cross-bill were entitled to the relief prayed for therein, and it was ordered accordingly. From this decree the complainant in the original bill appeals, and assigns the rendition thereof as error.

HARRIS & EYSTER, for appellants, cited *Craft v. Dexter*, 8 Ala. 767; *Dunklin v. Wilson*, 64 Ala. 162; *Myer & Co. v. Sulzbacher*, 76 Ala. 120; *Rochester v. Armour*, 92 Ala. 432; *Powe v. McLeod*, 76 Ala. 418; *Lawson v. Ala. Warehouse Co.*, 73 Ala. 298.

[McGlathery v. Richardson Bros. & Co.]

E. W. Godbey, *contra.*—An original bill was not the proper method of seeking the relief.—*Wright v. Phillips,* 56 Ala. 69; *Haralson v. George,* 56 Ala. 297.

DOWDELL, J.—If the restraining the execution of the decree rendered by the court in which the present bill is filed had been the sole purpose of the bill, then the proper practice in obtaining the relief sought, would have been, not by original bill, but by filing a petition. The reasons for this practice are fully stated in the cases of *Wright v. Phillips et al.,* 56 Ala. 69, and *Haralson v. George, Ib.* 297. But the present bill had for its purpose also, the impeachment of the decree in the former suit, for fraud in its procurement and rendition. Where the integrity of the decree itself is involved and the relief sought is its annulment on the ground of fraud in its procurement, the proper proceeding is by bill and not by petition; since the court, after final adjournment, is without the power to alter, modify or set aside its decree, otherwise than upon a bill of review, or original bill upon the ground of fraud. And this latter upon the theory that fraud vitiates the most solemn contract or proceeding. The present bill, however, is not only deficient in definiteness and particularity in its allegations of fraud, but is also wanting in necessary parties. In a bill of this character all of the parties in the decree assailed, have a right to be heard, and are necessary parties, and should be brought in either as complainants or respondents as proper pleading may require. "A decree cannot be set aside upon the ground of fraud or for any other cause without having all the parties to the decree before the court."—2 Beach Mod. Eq. Prac., § 873. In the note it is said: "In the vast multitude of authorities, none are found to the contrary." This was not done in the present case, and the chancellor on the final submission of the cause on the pleadings and proof might have properly dismissed the bill *ex moro motu* for this reason.

The object and purpose of the cross-bill was to meet the theory of the original bill in its attack upon the decree, which had been rendered in the city court of Decatur against complainant and her husband, F. S.

[McGlathery v. Richardson Bros. & Co.]

McGlathery; and in the event the decree assailed should be held void as to the complainant in the original bill, in the present suit, then to subject the fund here in question, as the property of F. S. McGlathery, and to that end the transfer from F. S. McGlathery to the complainant is attacked by the cross-bill as being fraudulent. The equity, therefore, of the cross-bill is a dependent, and not an independent one. The dismissal of the original bill left the decree assailed, and upon which the garnishment issued, unaffected. As this decree was against both F. S. and D. R. McGlathery, and the garnishment process ran against both, it is immaterial to which one of them the fund garnished belonged. The equity of the cross-bill being dependent upon the original bill, the dismissal of the original bill carries the cross-bill with it.

Although the chancellor in his opinion accompanying the decree may have assigned the wrong reason for dismissing complainant's bill, yet, as we have stated above, the bill was properly dismissed for want of necessary parties.

The decree will be affirmed as to the dismissal of the original bill, and reversed as to that part granting relief to cross-complainants, and a decree here rendered dismissing the cross-bill.