# Webster *v.* Debardelaben, *et al.*

*Bill to Construe Contract, and to Enjoin Interference
With Subject Matter Thereof. Cross Bill Seek-
ing Affirmative Relief.*

(Decided June 30th, 190.  41 So. Rep. 831.)

1. *Injunction; Preliminary Injunction; Dissolution; Denial of Equi-
ty.*—Where the allegations of the bill, on which its equity de-
pended, are fully, directly and completely denied in the an-
swer, and no equity appears, by the case made, why the in-
junction should be retained, its dissolution should be de·
creed.                                                    •

2. *Equity; Cross Bill; Dismissal of Original Bill; Effect.*—Where the
cross bill prays for affirmative relief, and alleges additional
facts relating to the subject matter of the original bill, not
therein alleged, the dismissal of the original bill for want of
equity does not carry the cross bill with it, but the cross bill
may be retained for the purpose of granting the relief sought
therein.

3. *Injunction; Cutting Timber; Cross Bill; Sufficiency.*—To the orig-
inal bill seeking to construe the contract of lease and enjoin
interference with its subject matter, respondents filed a cross
bill, alleging that complainant in the original bill, had, un-
der the lease contract for cutting timber of certain dimen-
sions, removed timber from the lands without paying there-
for, under the temporary injunction granted on original bill;
that complainant had also cut and carried away the most

[Webster v. Debardelaben, *et al.*]

valuable trees and left standing the less valuable ones; had so mixed the timber cut under the contract with timber cut from other lands, that it was impossible to separate same; that the value of the timber cut was more than $1,000.00 and because of the violation of the terms of the contract respondents had elected to cancel same and had so notified complainant, who disregarded such notice, and continued to cut and remove the timber; that complainant was insolvent, and would continue the acts complained of, unless restrained, and respondents would suffer irreparable loss, for which they had no adequate remedy at law. Held, to state a case for equitable relief by injunction.

4. *Injunction; Preliminary Injunction; Affidavits.*—Affidavits are admissible in support of the allegations of a bill seeking injunction, in case of waste and where irreparable injury might ensue, if the injunction be not granted.

APPEAL from Elmore Chancery Court.

Heard before Hon. W. W. WHITESIDE.

The bill in this case was filed by appellant against appellees, seeking to have a contract attached thereto construed and to enjoin appellees from interfering with the conduct of appellant's business in reference to the subject-matter of the contract, and to enjoin an attachment suit begun by appellees against appellant and levied upon certain property of the appellant. Appellees filed an answer specifically denying the allegations of the bill, and a cross-bill asking for affirmative relief, the allegations and purposes of which are sufficiently set out in the opinion. On a final hearing, the chancellor dissolved the injunction, dismissed the bill, but retained the cross-bill, and granted appellees affirmative relief thereunder.

The contract to be construed, as set out in the exhibit to the bill, was in the following language: "That this contract, entered into by and between T. E. De Bardeleben and her husband, E. L. De Bardeleben, of the first part, and A. M. Webster of the second part, made and executed on the 10th day of October, 1904, witnesseth, that parties of the first part have this day bargained and sold to the party of the second part all the pine and poplar trees that will square 20 cubic feet in one stick, which are now or may be growing or situated upon the land herein below described at this time or at any time before the 1st

[Webster v. Debardelaben, *et al.*]

day of January, 1910, and for the price below named and conditions set forth.   (Here follows a description of the land.)   Now, in consideration of the premises as above set forth, the party of the second part agrees to purchase all the pine and poplar timber that will square 20 cubic feet in one stick, except as otherwise provided, and to cut and remove the same between the 1st day of January, 1905, and the 1st day of January, 1910, and to pay the parties of the first part the price of two cents per cubic foot for all the timber cut under the terms of this contract; the first payment to be made 60 days after the party of the second part commences to cut said timber, and to be. for all the timber scaled up to that time at mill.  And the party o f the second part agrees to pay to the party of the first at the end of each 60 days thereafter for all  the timber which has already been scaled.  It is agreed and understood between all of the parties of this contract that the party of the second part shall have the right to make roadways and erect sawmills and  other machinery on said land, and to travel over said land, and to do and perform any other act that will be necessary to cut and remove said timber off of said lands, provided the party of the second part does not damage any growing crop  on the lands in cultivation.  It is agreed that this contract shall go into effect on the 1st day of January, 1905, and expire on the 1st day of January, 1910.  It is further understood and agreed between the parties that should either one of them violate any of the terms of this contract, then the same shall be null and void, and not binding on the other party."  It was signed in duplicate by all  the parties thereto on the day and date above written.

F. W. LULL and E. S. THIGPEN, for appellant.—A motion to dismiss the bill for want of equity should be sustained only when after admitting all the facts apparent upon the face of the bill the complainant can have no relief.—*Coleman v. Britt,* 30 So. Rep. 364; *Gardner v. Knight,* 27 So. Rep. 298; *Pinkston v. Boykin,* 30 So. Rep. 398; *Sherrer v. Garriesos,* 111 Ala. 228.  An injunction will not be dissolved on the answer unless it is responsive to the bill or when it sets up new matter in avoidance of

the equity thereof.—*Bolling v. Roman,* 95 Ala. 518; *Steiner v. Schloze,* 105 Ala. 607; *Jackson v. Jackson,* 91 Ala. 293; *Rembert v. Brown,* 17 Ala. 667. The case made by the bill comes clearly within the exception noted in the following cases: *Whitby v. D. L. Co.,* 89 Ala. 493; *Weems v. Robert,* 96 Ala. 378; *Harrison v. Yerby,* 87 Ala. 185. The dismissal of the original bill carried with it the cross bill.—*Wilkerson v. Roper,* 74 Ala. 140; *Abels v. Planters Ins. Co.* 92 Ala. 386; *Etowah M. & M. Co. v. Wills Valley,* 121 Ala. 675; *Ex parte Jones,* 133 Ala. 214; *Meyer v. C. L. Co.* 133 Ala. 554.

J. M. HOLLY, D. D. ASKEW, and MARTIN & MARTIN, for appellee.—The cross bill was properly retained as it made a case of matters connected with those of the original bill meriting relief apart from that sought by the original bill.—*Meyer v. Calera L. Co.* 133 Ala. 557; *Etowah M. & M. Co. v. Wills Valley,* 121 Ala. 672; *Wilkinson v. Roper,* 74 Ala. 140. Equity had jurisdiction to annul the contract.—3 Pomeroy Eq. Sec. 1377; Story's Equity (10th Ed.) Sec. 703; *Hurst v. Thompson,* 73 Ala. 158; *Davis v. Roberts,* 89 Ala. 402; *Stewart v. Cross,* 66 Ala. 22; *McWilliams v. Jeskins,* 72 Ala. 480. The appeal having been taken more than thirty days after the decree the assignments relating to the writs of injunction cannot be considered.—*Blackburn v. Huber M'f'g. Co.* 135 Ala. 598.

HARALSON, J.—The case is to be considered in two aspects. The first is, whether under the original bill, as filed by the complainant therein, A. M. Webster, the appellant here, against De Bardeleben and wife, the appellees, he was entitled to the relief he sought in the perpetuation of the preliminary injunction granted to him. The chancellor denied such relief.

When the allegations of a bill, "upon which its equity defends, are fully, directly and completely denied in the answer, and none appears by the case made, why the injunction should be retained," it should be dissolved.—*Brooks v. Diaz,* 35 Ala. 601; *Robertson v. Walker,* 51

Ala. 487; *Ricc v. Tobias,* 83 Ala. 351, 3 South. 670; 1 High on Injunctions, § 162, Id. §§ 1470, 142.

In this case, all the material averments of the bill are denied with that positiveness and clearness required by this rule. In addition the affidavits introduced, as was held by the court below, abundantly fortified the denials of the answer.

There was a difference between the complainant and the defendants, in their construction of the contract between them, as to how the timbers cut by complainant were to be measured, the complainant contending, that he was to pay two cents per cubic foot, measured or scaled after it was squared at the mill, while the contention of the defendant was, that he was to receive two cents per cubic foot measured as round timber. It must be admitted that there is some indefiniteness in the contract as to this matter. The chancellor held, that by a proper construction, the contention of the defendants was the proper one. The contract sets out, that complainant "agrees to purchase all of the pine and poplar timber that will square twenty (20) cubic feet in one stick, except as otherwise provided, and to cut and remove the same, between the 1st day of January, 1905, and the 1st day of January, 1910, and to pay the parties of the 1st part, the sum of two cents per cubic foot, for all the timber cut under the terms of this contract, the first payment to be made sixty days after the party of the second part, commences to cut said timber, and to pay for all the timber scaled up to that time at the mill," and so to pay, at the end of each sixty days thereafter, for all timber which has been scaled.

It was further agreed, "that should either one of them violate any of the terms of the contract, then the same shall be null and void, and not binding on the other party."

One of the purposes of the bill, as indicated in its prayer was and is to obtain a judicial construction of the contract of lease from respondents to complainant. The prayer is, that upon final hearing of the cause, "your honor will construe the contract shown by Exhibit A to this bill, existing between the said De Bardeleben and

[Webster v. Debardelaben, *et al.*]

the complainant, and enforce the rights of the complainant therein, and will direct the register to hold a reference and ascertain thereat, what sum is due by complainant to said De Bardeleben, and for an injunction restraining defendants, their agents and servants, from interfering with, in any manner, the conduct of complainant's business until the further order of this court, by themselves, their agents and employes," etc.

It thus fairly appears, that the purpose of the bill was two-fold,—the construction of the contract of lease and for the injunction on account of alleged interference by the De Bardelebens with complainant in the prosecution of his business, under his lease from them. If the object of the bill were only to have a judicial construction of a disputed stipulation in a lease, no element of trust being involved, it could not be maintained.—*L. M. & M. Co. v. Hannon,* 93 Ala. 87, 9 South. 539. But this object may be regarded incidental to the other purpose of the bill,—to procure the injunction referred to.

The defendants, besides the answer filed, also filed a cross-bill, setting up additional facts relating to the same subject matter as, but not alleged, in the original bill, and prayed for affirmative relief in reference to it, and this, as we have repeatedly held presents a case of equitable cognizance, and the dismissal of the original bill does not dispose of the cross-bill. It becomes the duty of the chancellor, in such case, if he dismisses the original bill, to grant such relief under the cross-bill as would be proper, under its averments and proof, as if it were an original bill.—*Wilkinson v. Roper,* 74 Ala. 141; *Abels v. P. & M. Insu. Co.* 92 Ala. 386, 9 South. 423; *Davis v. Cook* 65 Ala. 623; *Bedell v. N. E. M. & S. Co.* 91 Ala. 326, 8 South. 494; *Meyer v. C. L. Co.* 133 Ala. 557, 21 South. 938.

Whether such relief can be granted under the cross-bill constitutes the second aspect of the case remaining to be considered.

It is averred in the cross-bill, that the complainant in the original bill, has cut and removed prior to the filing of his bill, a large lot of timber from said lands of the value of $600 and failed and refused to pay defendants

[Webster v. Debardelaben, *et al.*]

therefor; that he has cut and disposed of timbers without giving defendants an opportunity of measuring the same, and without paying them therefor; that he has done this under the protection of the temporary injunction obtained in the cause, and has disposed of the same in every way and as fast as he could, without reporting the same to defendants, or giving them an opportunity to see to the measurement thereof, and without paying for the same; that complainant has gone over portions of said land and cut and carried away the most valuable trees, and left standing other and less valuable ones which came within the terms of said contract, and that the cutting and disposing of such timbers at the contract price would swell the amount now due to defendants to more than 1,000; and in addition to this, complainant has so mixed and confused parts of timber cut by him from the lands described in said contract, that it would be impossible to separate the one from the other. It is further averred, that because of these violations of said contract, defendants elected to cancel and annul the same, and thereupon and before the bringing of this suit, they informed complainant of their said election, and notified him to stop the cutting of said timbers, and to cease operations under said contract, but complainant paid no attention to them, and continued to cut and remove said timbers; whereupon complainant filed this bill, and by the unfounded allegations therein procured the said writ of injunction.

The defendants affirm their election to cancel and annul said contract because of the violations thereof by complainant, and ask that the same be canceled. It is averred, that complainant is insolvent, and does not own property above his exemptions of value sufficient to compensate defendants for the damages they have already sustained and will sustain by reason of the cutting and carrying away of said timber, which complainant will continue to do, unless restrained by law; that unless so restrained, defendants will suffer irreparable loss in that said lands will be denuded of their trees, and defendants will be without adequate compensation or remedy therefor.

[Woodroof, et al. v. Hundley.]

The prayer of the cross-bill is for an injunction against complainant to prevent his continuance of the alleged waste, for an accounting and ascertainment of the amount due defendants by complainant for the alleged damages he has inflicted on defendants and for general relief.

There can be no doubt but that the cross-bill presents a case for equitable relief by injunction. The defendant therein,—complainant in the original bill,—answered and denied the material averments thereof. The complainants in the cross-bill introduced many affidavits to sustain the allegations of their bill and the defendant introduced others. Such affidavits are admissible in cases of waste, and when irreparable injury might ensue.— *Barnard v. Davis*, 54 Ala. 565; *Rice v. Tobias,* 83 Ala. 351, 3 South. 670; *Long v. Brown,* 4 Ala. 631, 632; High on Injunctions, § 671.

After due consideration, the chancellor was of the opinion that the complainants in the cross-bill were entitled to temporary injunction against respondent therein, as prayed for, and so ordered, upon their filing an injunction bond in the sum of $750 payable to complainant and conditioned as prescribed. The appointmnet of a receiver was denied.

Upon consideration of the case as made by the bill and answer, and the cross-bill and answer thereto, and the affidavits introduced, we are unable to conclude that the chancellor erred in the decree rendered.

Affirmed.

WEAKLEY, C. J., and DOWDELL and DENSON, JJ., concur.