# Barnett *v.* Tedescki.

*Bill to Abate Nuisance, a Bawdy House.*

(Decided Feb. 6th, 1908. 45 So. Rep. 905.)

1. *Nuisance; Nature of Injury; Disorderly House.*—A bawdy house, is per se, a nuisance.

[Barnett v. Tedescki.]

2. *Same; Abatement; Jurisdiction.*—Equity has jurisdiction to abate a private nuisance.

3. *Same; Pleading.*—Where the bill, to abate a private nuisance, avers special damages to complainant and complainant's property, distinct from that suffered by the public the bill is maintainable; and it is immaterial whether the alleged nuisance, under the facts stated, constitutes a public or private nuisance.

4. *Same; Relief Awarded.*—Where courts of equity acquire jurisdiction for the purpose of abating a private nuisance, it will, on the proper averments, extend its jurisdiction, and award such damages as are suffered by reason of the nuisance.

5. *Equity; Pleading; Grounds of Demurrer; Special Demurrer.*—Where a demurrer is addressed to a certain paragraph of a bill, seeking to test the right to certain relief, and no such relief is sought by that paragraph, the demurrer is properly overruled.

6. *Costs; Attorney's Fees; Nuisance; Abatement.*—Attorneys fees for the filing of a bill to abate a nuisance is not allowable to complainant as a part of the damages.

7. *Equity; Pleading; Footnote to Bill.*—A footnote to a bill requiring defendant to answer each and every allegation of the foregoing bill of complaint, but answer under oath is hereby expressly waived, is a proper footnote.

APPEAL from Jefferson Chancery Court.

Heard before Hon. ALFRED H. BENNERS.

Felicia Tedescki files her bill to abate a nuisance and for damages, and I. Barnett, alias Blanche Bernard, is made a party respondent thereto. The case made by the bill as amended is that the complainant owns and occupies as her home, for herself and family, a certain house and lot fronting on Avenue B, between Twenty-Second and Twenty-Third streets, in the city of Birmingham, and that she has for a long while resided at such place with her family, and has been and is now entitled to occupy said premises without injury or molestation from any person whatsoever; that I. Barnett, alias Blanche Bernard, occupies a house fronting on Avenue A, between Twenty-Second and Twentl-Third streets, in the city of Birmingham, wherein she operates a bawdy house or house of prostitution; that said house is in the same block in which complainant's house is situated; that the

lot on which respondent's house is situated runs back to Alley A; that the lot on which complainant's house is situated also runs back to alley A, and that the house of respondent is situated a short distance from complainant's house, towit, about 150 feet; that many lewd and dissolute women congregate and live in said house; that these women draw around them many drunken, profane, and dissolute men, who engage with them in drunken orgies, etc.; and that these things greatly disturb and inconvenience complainant in the enjoyment of her home. And complainant avers that the dissolute women who occupy said house are continually exhibiting themselves in the doors and windows of said house, dressed in an indecent and immodest manner, and solicit men who are passing said house to enter said house to engage in immoral purposes; that when complainant is in or about her premises she is compelled to see and listen to the immoral conduct and conversation and noises, etc. A number of grounds of damages are alleged, and it is prayed that the nuisance be enjoined and that a reference be held to ascertain plaintiff's damages, including a reasonable attorney's fee. The footnote is as follows: "Complainant amends the footnote to the original bill by adding thereto the following: 'The respondent is required to answer each and every allegation of the foregoing bill of complaint, but answer under oath is hereby expressly waived.'" The bill is addressed to Hon. Alfred H. Benners, Chancellor, but does not designate that he is chancellor of any particlar district or division. Motion to dismiss for want of equity was made and overruled. Demurrers were interposed to the bill and amendment (which is set out as original in above) as follows: The allegations are vague, indefinite, and uncertain; the causal connection between the wrongs

[Barnett v. Tedescki.]

complained of and the injuries alleged to have been sustained is not shown by the allegations thereof; because it appears that the injuries complained of were not proximately caused by any unlawful act of the respondent; it does not state facts to show a nuisance of which the complainant has the right to complain; its allegations are not such as to show such an interest in the complainant as would justify the relief prayed; a plain and adequate remedy at law; its allegations do not show facts constituting a nuisance; that the bill is addressed to A. H. Benners, Chancellor, and not to the chancellor of the division in which Jefferson county is a district; that attorney's fees are not recoverable as damages in this action; and numerous other grounds not necessary to be set out. These demurrers were overruled, and the respondent appeals, and assigns as error the judgment overruling the demurrers and motion to dismiss for want of equity.

B. M. ALLEN, for appellant. The omission of the foot note is a matter of substance.—*Stranger v. Tyson,* 44 Ala. 338; *Winter v. Quarles,* 43 Ala. 692; *Warehouse Co. v. Jones,* 62 Ala. 550. Actions at law to abate nuisance are cognizable in courts of general original jurisdiction, and it is only in such courts that such actions lie in the absence of statutory or constitutional provisions designating other courts into which they may be brought.—14 Ency. Pl. & Pr., 1105; *Parsons v. Tuolumni County Water Company,* 5 Calf. 43; *Blood v. Moore,* 29 Calf. 427; *Learned v. Castle,* 67 Calf. 41; *Fitzgerald v. Urton,* 4 Calf. 235. A case of actual and pressing necessity must be shown before an injunction will be granted, and where it does not appear that such a drastic remedy is required by the circumstances of the case,

it is the duty of a court of equity not to interfere.—*Oswald v. Wolf*, 129 Ills. 200; *Burnham v. Kempton*, 44 N. H. 78; *Massett v. Salisbury Mfg. Co.*, 43 N. H. 249; *Webber v. Gage*, 39 N. H. 182; *Carlisle v. Cooper*, 21 N. J. Eq. 576; 14 Enc. Pl. & Pr. 1120. There must be presented a strong and mischievous case of pressing necessity, or the right must have been previously established at law, to entitle the party to call to his aid the jurisdiction of a court of equity.—*Robeson v. Pattenger*, 2 N. J. Eq. 57; *Kingsbury v. Flowers*, 65 Ala. 479; *Fisk v. Wilber*, 7 Barb. N. Y. 395. The remedy by indictment being so efficacious, courts of equity entertain jurisdiction over public nuisances with great reluctance, whether their introduction is invoked at the instance of the Attorney-General or of a private individual, who suffers some injury therefrom distinct from that of the public.—*Morris, etc. B. Co. v. Prudden*, 20 N. J. Eq. 530; *Atty. Gen. v. Brown*, 24 N. J. Eq. 89; *Atty. Gen. v. N. J. R. etc.*, 3 N. J. Eq. 136; *Raritan Tp. v. Port Reading R. Co.*, 49 N. J. 27, 11. The power of a chancery court to interfere by injunction, or other writ, in cases of nuisance, is one of the extraordinary powers of the court and should be cautiously and sparingly exercised.—*Rouse v. Martin*, 75 Ala. 510; *Ray v. Lyons*, 10 Ala. 63; *Rosser v. Randolph*, 7 Porter 238; *St. James Church v. Arrington*, 36 Ala. 546; *Gray v. Bayward*, 5 Del. Ch. 499; *Green v. Lake*, 54 Miss. 540. The averments of the bill of complaint as amended, do not show such special damage different in kind from that sustained by the general public, which would authorize the intervention of a court of equity.—14 Enc. Pl. & Pr. 1137; *Rosser v. Randolph*, 7 Porter 238; *Van Wagenen v. Cooney*, 45 N. J. Eq. 24; *Higbie v. Camden etc. R. Co.*, 19 N. J. Eq. 276; *Zabiskie v. Jersey City, etc. R. Co.*, 13 N. J.

[Barnett v. Tedescki.]

Eq. 314; *Kuehn v. Milwaukee*, 83 Wis. 583; *Hartshorn v. South Reading*, 3 Allen (Mass.) 501; *Denver v. Mlulen*, 7 Colo. 345.

D. K. MIDDLETON, for appellee. (No brief came to the Reporter.)

DOWDELL, J.—A bawdy house, or house of prostitution, is a nuisance per se.—*Hundley v. Harrison*, 123 Ala. 292, 26 South. 294; 16 Am. & Eng. Ency. Law (1st Ed.) p. 937; 1 Wood on Nuisances, §§ 24-27.

The jurisdiction of a court of equity to entertain a bill to abate a nuisance is too well settled in our jurisprudence to admit of question.—3 Mayfield's Dig. p. 181, § 160. The bill in the present case avers special damages to the complainant and to complainant's property, distinct from that suffered by the public; and it is therefore immaterial whether the alleged nuisance under the facts stated in the bill be considered a public or private nuisance. The bill is maintainable.

The court, acquiring jurisdiction for the purpose of abating a nuisance, will also, upon proper averments, extend such jurisdiction to the ascertainment and determination of the damages suffered by reason of the nuisance.—*Whaley v. Wilson*, 112 Ala. 627, 20 South. 922.

The ground of demurrer seeking to raise the question of the complainant's right to claim attorney fees as special damages is addressed to the third paragraph of the bill. No such claim is set up in the third paragraph. The demurrer, therefore, to this part of the bill, was not improperly overruled. In the special prayer of the bill it is asked that such damages be allowed on the holding of a reference. We take occasion in this connection to say that we know of no law in this state authorizing the

[Lehman-Durr Co. v. Folmar, et al.]

allowance of attorney's fees in a proceeding of the nature of the present bill.

The footnote as amended after the amendment of the bill, which required answer "to each and every allegation of the bill," was a sufficient compliance with the rule of chancery practice, and the demurrer to the bill for want of proper footnote was properly overruled.

The decree appealed from will be affirmed.

Affirmed.

TYSON, C. J., and ANDERSON and McCLELLAN, JJ., concur.