(75 South. 894)

FARMERS' STATE BANK v. KIRKLAND & BRACKIN et al. (4 Div. 662.)

(Supreme Court of Alabama. May 17, 1917.)

1. EQUITY ⚙️196 — NECESSITY FOR CROSS-BILL—AFFIRMATIVE RELIEF.

The filing of a cross-bill is necessary to the granting of affirmative relief to a defendant.

[Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 450–454.]

2. MORTGAGES ⚙️492—FORECLOSURE BY ACTION—JUDGMENT—RELIEF TO CREDITORS—JURISDICTION.

Where in mortgage foreclosure proceedings all defendants but one agreed to a settlement subject to the other defendants' claim to be decided by the court, and other defendants' answer was in effect, although not technically, a cross-bill asking for that relief, the court had jurisdiction to determine that creditor's rights.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 1438.]

3. APPEAL AND ERROR ⚙️1039(5)—HARMLESS ERROR—FAILURE TO FILE CROSS-BILL.

Where a cross-bill could serve no efficient purpose, although it would have been proper to have filed it, because the original bill invoked the court's powers, the cause will not be reversed for failure to file it, where the decree granted affirmative relief desired.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4078.]

4. CHATTEL MORTGAGES ⚙️188(2)—STOCK OF GOODS—VALIDITY AS TO CREDITORS—PRIVILEGE OF SALE.

Where a mortgagor of a stock of merchandise is expressly or impliedly given authority to continue in business, necessarily disposing of goods from time to time, the mortgage is void as to the mortgagor's present and subsequent creditors.

Appeal from Chancery Court, Henry County; O. S. Lewis, Chancellor.

Bill by the Farmers' State Bank against Kirkland & Brackin and others. Decree sustaining claim of precedence of defendant F. Mayer Boot & Shoe Company, and plaintiff appeals. Affirmed.

Farmer & Farmer, of Dothan, for appellant. J. L. Pollard, of Abbeville, and Hill & Thigpen, of Dothan, for appellees.

McCLELLAN, J.. The original bill was filed by the Farmers' State Bank, as mortgagee of E. E. Kirkland and H. L. Brackin, constituting the firm styled Kirkland & Brackin, against them and H. C. Price and F. Mayer Boot & Shoe Company, a corporation. The bill sought the foreclosure of its mortgages, the appointment of a receiver of the property of the insolvent mortgagors, and the administration of the properties of the estate to the end that those entitled and as entitled thereto might have their rights ascertained, determined, and satisfied therefrom. The Mayer Company was averred to be a judgment creditor; a certified copy thereof together with a certification of its recordation in the office of the judge of probate of Henry county being exhibited with the bill. The prayer of the original bill contained this:

"* * * That the said mortgage of complainant be foreclosed, and the property embraced in it be sold for the satisfaction of said mortgage debt, with attorney's fees added thereto, and that a reference be held by the register to ascertain the amount due on said mortgage to complainant and to said H. C. Price for rent, and to F. Mayer Boot & Shoe Company under its said execution, and the proceeds of sale of said property be paid out of this court according to the equities and respective rights of all the parties thereto. * * *"

To the bill the Mayer Company filed an "answer" wherein it set up its judgment as "a valid lien against the estate of Kirkland & Brackin which" it alleged was "superior to the lien" of the complainant, and concluded its response to the bill with this prayer:

"Wherefore, premises considered, the respondents F. Mayer Boot & Shoe Company pray that upon the consideration of said cause the court will make a decree declaring that the F. Mayer Boot & Shoe Company have a superior lien to complainants on the estate of the said Kirkland & Brackin and ordering that so much of the proceeds of said estate as may be necessary be subjected to the payment of their said judgment."

There was no pleading or response by any party to the "answer" of the Mayer Company.

Before final submission of the cause to the chancellor and after testimony taken, all of the persons (some were not parties to the cause) interested in the estate over and to which the court and its receivers had extended the court's jurisdiction and possessory controlling powers, except the Mayer Company, executed and filed in the court an agreement wherein their respective claims and their amounts were fixed and stipulated. The instrument provided:

"This settles every element of litigation between all the parties to this cause, except between Farmers' State Bank and F. Mayer Boot & Shoe Company; and whatever sum the chancellor shall award to said F. Mayer Boot & Shoe Company, if any, shall be paid by the said Farmers' State Bank. This entire litigation is settled between all the parties to it, except the question between the said Farmers' State Bank and F. Mayer Boot & Shoe Company; and a decree shall be written upon this agreement and rendered by the court, and as soon as such decree is rendered the foregoing sums shall be paid out."

The decree consequent upon the submission sustained the Mayer Company's claim of precedence over the claim of the complainant-mortgagee, and directed the payment of the sum so found due the Mayer Company out of the amount awarded by or under the agreement to the Farmers' State Bank, viz. $1,908, according to the pertinent terms of the agreement before quoted.

[1] The main contention for error in the decree is that the relief thus granted to the Mayer Company could not be awarded without a cross-bill appropriately framed to invite that character of affirmative relief in favor of the Mayer Company. That is, of course, the rule for, the condition to, the granting of affirmative relief to a defendant

---

⚙️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

in a cause; but this cause is not subject to the concluding effect of that rule. If it was necessary to a decision of the question now presented, it might be a subject of debate whether the response of the Mayer Company was not, in contemplation of law, a defective cross-bill, to which no testing pleading pointing out its defects was interposed. Under our statute (Code, § 3118) no summons is necessary to a respondent in a cross-bill to answer it if the respondent is a complainant in the original bill. The response made by the Mayer Company bears a prayer for relief predicated of allegations that its claim to share in the assets of the debtor was superior to that of the complainant. A pleading is what it is, not what it is called. Rogers v. Brooks, 99 Ala. 31, 36, 11 South. 753; Whilden v. Bank, 64 Ala. 1, 38 Am. Rep. 1. The defects in the pleading, if regarded as a cross-bill defectively constructed, were that it omitted to call for an answer and to name those whom it would make parties defendant to the cross-bill.

[2] The written agreement of adjustment made by all persons concerned except the Mayer Company operated, in ultimate effect, to cast the controversy into a form of contest between the bank and the Mayer Company only; the bank engaging to satisfy the company's claim out of the amount of the net assets the agreement stipulated should be paid to the bank. This agreement concluded all the parties to it. Gunter v. Hinson, 161 Ala. 536, 542, 50 South. 86. If the Mayer Company was so disposed, as it must be presumed to be, it was entitled to the benefit of the agreement which was to its advantage, an agreement that bound the bank, to the advantage not only of the Mayer Company, but also to that of the other creditors of the insolvent firm, in the respect and in the manner its written engagement expressly avowed. According to the manifest purpose and the letter of the presently pertinent feature of the agreement and the before-quoted part of the prayer of the bill, the court was, as it correctly held it was, affirmatively invited to consider and to decide the relative rights of the bank and of the Mayer Company in the premises; these parties as well as the fund in the course of administration being subject to the entirely competent jurisdiction of the court to determine the relative rights of these parties in the premises. If a perfect cross-bill had been seasonably interposed and fully answered, that amplified proceeding would not have more completely invoked the jurisdiction and powers of the court to adjudicate the issues between the bank and the Mayer Company than did the appellant's own bill and the written agreement filed in the cause.

[3] Where a cross-bill could serve no rational, efficient purpose in a cause, even though it would have been proper to file it, because the original bill invoked the court's powers to the same end the cross-bill would have moved the court, the decree rendered in consequence will not be reversed because its adjudication was not invited by a cross-bill interposed by the respondent in whose behalf affirmative relief was granted. No vitiating error in this decree can be predicated of the absence, under the circumstances present in the record in this cause, of a cross-bill to assert the Mayer Company's claim to affirmative relief.

[4] The chancellor entertained the opinion that the evidence was not sufficiently convincing to justify the conclusion that any definite part of the property in the firm's storehouse when the receivers took possession was that constituting, in part, the property bought by Kirkland & Brackin from the Farmers' Union Mercantile Company; and he therefore properly applied the doctrine of Gillespie v. McClesky, 160 Ala. 289, 49 South. 362, correctly summarized in the ninth headnote, which reads:

"Where a mortgage is taken on a stock of merchandise with the understanding either express or implied that the mortgagor is to continue in business in charge of the stock necessarily disposing of goods from time to time, such mortgage is fraudulent and void as to present and subsequent creditors of the mortgagor."

If the proof had justified a different conclusion, the doctrine of Card Lumber Co. v. Ozement, 187 Ala. 237, 241, 242, 65 South. 792, and authorities there noted would have had application.

The insistence for error is not sustained. The decree must be affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.