(97 South. 569)
### Ex parte CONRADI. (6 Div. 925.)

(Supreme Court of Alabama. June 21, 1923. Rehearing Denied Oct. 18, 1923.)

**1. Equity ⚯265—Amendment proper before final decree.**

The time limit to the right of amendment in equity is the rendition of the final decree.

**2. Equity ⚯201—Cross-bill must be as complete as original bill.**

A cross-bill must be as complete and perfect as an original bill, though it may refer to and adopt parts of the original bill as to matter of description, to save unnecessary repetition.

**3. Equity ⚯275—Cross-bill cut off by amendment striking cross-complainant as defendant.**

A cross-bill is sufficiently a part of the original cause to be cut off at the will of the complainant, if he amends the original bill by striking out the party defendant who filed the cross-bill, and the cross-bill is then out of court, and the defendant filing it can neither make motion nor take appeal, under Code 1907, § 3118, or Gen. Acts 1915, p. 825.

**4. Equity ⚯359—When complainant in equity may dismiss stated.**

A complainant in an equity suit may dismiss his suit at any time before the hearing on payment of costs, unless the defendant has acquired some rights which might be lost or rendered less efficient by the discontinuance or dismissal, and there must be some plain legal prejudice to the defendant.

**5. Equity ☞359—Defendant, filing cross-bill, held not entitled to object to dismissal of original bill.**

Defendant, who only sought to make his answer a cross-bill at the time complainant asked leave to dismiss his original bill, and whose rights could be protected in a separate suit, *held* not entitled to object to dismissal of the original bill, in view of Code 1907, §§ 3096, 3119, and chancery court rules 11, 12 (Code 1907, p. 1531).

**6. Equity ☞359—Mere inconvenience not good objection to dismissal of original bill.**

A mere inconvenience to a defendant who filed a cross-bill is no good objection to complainant's motion to dismiss the original bill, as a respondent must show that his rights will be lost or rendered less efficient.

### On Rehearing.

**7. Equity ☞204—Parties named in original bill held to have been made parties to cross-bill without notice.**

When there is prayer for parties respondent to a cross-bill, and appropriate relief is prayed, it is sufficient to make parties thereto those named in the original bill, without notice.

**8. Equity ☞206—Cross-bill to be answered under rules provided for original bills.**

A cross-bill must be answered under the rules and regulations provided for original bills, under oath or not as the complainant therein may elect, under Code 1907, § 3019, and so of bills in the nature of cross-bills.

**9. Equity ☞359—Effect of dismissal of original bill.**

Dismissal of the original bill does not necessarily carry with it the cross-bill, the distinction being that, if the cross-bill is defensive merely, having no independent equity in itself, dismissal of the original dismisses the cross-bill; but if it sets up new facts, and prays for affirmative relief, and presents a case for equitable cognizance, and shows grounds for equitable relief, which uphold the jurisdiction of the court independent of the original bill, the dismissal of the original does not carry the cross-bill.

**10. Equity ☞201—Cross-bill must acquaint parties respondent what answer required.**

A cross-bill must acquaint the parties respondent thereto what answer is required within the statutes and rules obtaining and applying to such procedure. Code 1907, §§ 3119, 3096; chancery court rules 11, 12 (Code 1907, p. 1531).

Original petition by Fred Conradi, as administrator of the estate of Mary Schoenherr, deceased, for writ of mandamus directed to Hon. Wm. M. Walker, as Judge of the Circuit Court of Jefferson County. Writ granted.

James A. Mitchell and Ivey F. Lewis, both of Birmingham, for appellant.

A complainant may dismiss his suit at any time before hearing, unless defendant has acquired some right which might be lost. Pullman Palace Car Co. v. Central Tr. Co., 171 U. S. 138, 18 Sup. Ct. 808, 43 L. Ed. 108; Detroit v. Detroit Ry. (C. C.) 55 Fed. 569; C. & A. v. Union R. M. Co., 109 U. S. 702, 3 Sup. Ct. 594, 27 L. Ed. 1081; 21 C. J. 630; Ex parte Jones, 133 Ala. 212, 32 South. 643; Sims, Ch. Pr. 428; Code 1907, § 3126; Vandeford v. Stovall, 117 Ala. 344, 23 South. 30. Complainant's motion to amend by striking Herman S. Schoenherr as a party should have been granted; the time limit to the right of amendment is the rendition of final decree. Kirby v. Puckett, 199 Ala. 594, 75 South. 6.

J. S. Kennedy and Nesmith & Garrison, all of Birmingham, for appellee.

When the cross-bill sets up additional facts relating to the same subject-matter, but not alleged in the original bill, prays for affirmative relief, and presents a case of equitable cognizance, the dismissal of the original bill does not dispose of the cross-bill. Wilkinson v. Roper, 74 Ala. 141. Complainant cannot as a matter of right dismiss his suit, when respondent has acquired rights in the proceeding by answer or cross-bill, and would be prejudiced by such dismissal. Ex parte Jones, 133 Ala. 214, 32 South. 643; Etowah Co. v. Wills Valley, 121 Ala. 675, 25 South. 720.

THOMAS, J. [1] The time limit to the right of amendment, in equity, is the rendition of the final decree. Kirby v. Puckett, 199 Ala. 594, 75 South. 6; Norville v. Seeberg, 205 Ala. 96, 87 South. 164.

[2] A cross-bill must be as complete and perfect as an original bill (Farmers' S. Bank v. Kirkland, 200 Ala. 146, 75 South. 894; 21 C. J. § 612, p. 507), though it may refer to and adopt parts of the original bill as to "matter of description" to save unnecessary repetition (H. C. & W. B. Reynolds Co. v. Reynolds, 190 Ala. 468, 474, 67 South. 293; Nelson v. Dunn, 15 Ala. 501).

[3] A cross-bill is sufficiently a part of the original cause "to be cut off at the will of the plaintiff, if he amends the original bill by striking out the party defendant who filed the cross-bill. The cross-bill is then out of court, and the defendant filing it can neither make motion nor take appeal in the cause." Sims, Chancery Practice, § 650, p. 428; Code 1907, § 3126; Vandeford v. Stovall, 117 Ala. 344, 23 South. 30. There is nothing in section 3118 of the Code, Sims, Chancery Practice, § 553, p. 367, or the General Acts 1915, p. 825, to contrary effect.

It was decided in the cases of Wilkinson v. Roper, 74 Ala. 140, and Abels v. Planters' & Merchants' Insurance Co., 92 Ala. 382, 9 South. 423, as follows:

"* * * If the averments of the cross-bill relate to, and spring out of the subject em-

braced in the original bill, when such cross-bill prays affirmative relief, which is equitable in its character, and which requires a cross-bill for its presentation, if the cause, *in this condition*, is submitted for decree, then, although all relief may be denied on the original bill, it is the duty of the chancellor to grant such relief on the cross-bill as its averments and the proof would justify, if they were presented in an original bill." (Italics supplied.)

In a later case (Anders v. Sandlin, 191 Ala. 158, 165, 67 South. 684, 687), the court said:

"* * * It is * * * clear that such feature of the cross-bill contains no independent equity. It is the general rule, established by the decisions of this court, that a cross-bill which shows no equitable relief growing out of the subject-matter of the original bill, and which has no independent equity which would sustain the jurisdiction of the court, is carried out by the dismissal of the original bill. Myer v. Calera Land Co., 133 Ala. 554, 31 South. 938; Etowah Mining Co. v. Wills Valley, etc., Co., 121 Ala. 672, 25 South. 720; Continental Life Ins. Co. v. Webb, 54 Ala. 688; Sims' Chancery Prac. § 649. This feature of the cross-bill, therefore, seeking a mere personal judgment, and having no independent equity, is carried out by a dismissal of the original bill."

See, also, Betts v. Ward, 196 Ala. 248, 258, 72 South. 110.

In Haralson v. Whitcomb, 200 Ala. 165, 75 South. 913, this court recently declared:

"* * * It cannot be concluded, from either the Abels [92 Ala. 382], Bickley [136 Ala. 548], or Faulk [178 Ala. 254] Cases, that a statutory cross-bill always has such individuality as will require its retention by the court after the original bill has been dismissed, or on final hearing the equity asserted by the original bill has been found by the court not to exist. * * * A cross-bill, to survive the dismissal of the original bill and to authorize its retention by the court for the purpose of awarding relief sought by the cross-bill, must assert facts leading to and praying for relief of an equitable character."

[4] These cases are not like the instant one, as in each of the foregoing cases there had been submission for decree on the pleadings and proof; here the cross-bill was not filed until the same day the motion to dismiss the original bill was made. The law having application is in effect as follows: The general proposition is true that a complainant in an equity suit may dismiss his suit at any time before the hearing on payment of costs; to this general rule there is a well-recognized exception, as where the defendant has acquired some rights which might be lost or rendered less efficient by the discontinuance or dismissal. There must be some plain legal prejudice to the defendant. Ex parte Jones, 133 Ala. 212, 32 South. 643; Pullman's Palace Car Co. v. Central Trans. Co., 171 U. S. 138, 18 Sup. Ct. 808, 43 L. Ed. 108; Chicago & Alton R. R. Co. v. Union Rolling Mill Co., 109 U. S. 702, 3 Sup. Ct.

594, 27 L. Ed. 1081; 21 C. J. 630 et seq.; 16 Cyc. 468; City of Detroit v. Detroit City Ry. Co. (C. C.) 55 Fed. 569.

Complainant's motion to amend his bill, by striking defendant Herman G. Schoenherr as a party defendant thereto, should have been granted. So far as the time limit is concerned, that limit to the right of amendment had not expired by the rendition of the final decree. Kirby v. Puckett, supra. Complainant's amendment as a matter of right carried the defendant's cross-bill out of court; that is to say, complainant's motion to dismiss his suit should have been granted, under the general rule of law that a complainant has a right to dismiss his suit at any time before final decree, except where defendant has acquired some rights that might be lost or rendered less efficient.

It is averred in the petition by Conradi, as administrator, that Mary Schoenherr filed her original bill on January 14, 1919, against said Davis and Mary Wagensler, seeking to have set aside a certain mortgage exhibited in the original bill averred to have been made by complainant to defendants Davis and Wagensler covering certain properties (lots 15 and 16, block 35, Smithfield) thereafter devised by Mary Schoenherr to petitioner Conradi's wife; that the mortgage covered other properties claimed by defendant Herman G. Schoenherr, though Mary Schoenherr only sought to set aside the mortgage by the original bill so far as it affected the property devised to Jessie Conradi. Testimony of Mary Schoenherr, taken de bene esse, was taken on January 24, 1919, before Herman G. Schoenherr was a party. It is further averred in the petition for mandamus that defendants (Davis and Wagensler) made their answer a cross-bill, and petitioner Conradi and Herman G. Schoenherr as the sole heirs of Herman G. Schoenherr, deceased, were made parties defendant (May 6, 1919); that thereafter Mary Wagensler died, and the cause was revived against the administrator of her estate (September 20, 1919); that the cross-bill was "dismissed by said defendants Davis and George M. Wagensler, as administrator," which it is averred eliminated said Herman G. Schoenherr from the cause on October 27, 1920. It is further averred that after the death of the said Mary Schoenherr, the original complainant, the cause was revived, and "Herman G. Schoenherr [was made] a party defendant" (December 4, 1920), and the court overruled defendant's demurrer to petitioner's bill as amended, based on his objections to being made a party to the suit, November 26, 1921, and respondents amended the answer. Herman G. Schoenherr filed plea and then answered, asserting he was not a necessary party, on April 3, 1922, and praying it be taken as a cross-bill.

Petitioner effected a compromise, it is averred, of the suit against defendants Davis and George M. Wagensler, as administrator,

of the said Mary Wagensler, deceased, and agreed with them that, upon the payment to him of a certain sum of money, he would pay all the costs of the suit and dismiss the same. It is further averred that, in fulfillment of this agreement, said Davis and George M. Wagensler, as administrator, etc., paid petitioner the sum of money agreed upon, whereupon petitioner paid all costs of the suit to that date, and filed his motion on February 12, 1923, requesting the court to dismiss the suit; that on that date the defendant Herman G. Schoenherr filed a paper "which he designated a cross-bill, attempting to make petitioner and defendants Davis and George M. Wagensler, as administrator, etc., parties defendant thereto, which was ineffective for this purpose, for the reason that there was no prayer for process and no footnote thereto." It is further averred that petitioner, on, to wit, the 23d day of February, 1923, filed an amendment to his bill of complaint, striking out said Herman G. Schoenherr as a party defendant, and thereupon said defendant filed his objection to the allowance of petitioner's amendment, and to the granting of petitioner's motion to dismiss the original bill as amended.

Other matters are averred in the petition tending to show that Herman G. Schoenherr would not be prejudiced by the proceedings sought to dismiss the bill. The testimony of Mary Schoenherr, deceased, is averred to have been taken de bene esse before defendant Herman G. Schoenherr was in any way connected with the suit, and that the testimony of the witnesses Jessie Conradi and John W. Altman had been taken for complainant; for Herman G. Schoenherr, his own testimony; for defendants Davis and George W. Wagensler, as administrator, etc., the testimony of Miss Etalyne Hardwick. It is averred that each witness whose testimony had been taken was within the jurisdiction of the court and easily accessible, except Mary Schoenherr, deceased, whose testimony had been "taken by complainant de bene esse" and before the said Herman G. Schoenherr was made a party defendant. It is further averred that "no testimony had been published in the cause or offered in evidence"; that the testimony of Mary Schoenherr, deceased, if favorable to Herman G. Schoenherr, was not available, since he was "not entitled to it for the reasons stated"—that when the testimony was taken de bene esse it was not for the purpose of affecting any right or equity of said Herman G. Schoenherr, who was not a party.

One of the judges of the court in the county wherein the cause was pending, took said motions under advisement and rendered the decree exhibited. Wherefore petitioner prays a writ of mandamus, directed to said judge of the circuit court, etc., commanding him to vacate and set aside his said decree rendered on March 8, 1923, sustaining the objections of Herman G. Scho-

enherr to the striking out of his name as a party defendant to the cause, and the striking of the amendment to the bill of complaint filed on February 23, 1923, by which the name of Herman G. Schoenherr as a party defendant was stricken from this cause, and also to vacate and set aside said decree, etc.

[5] Has defendant Herman G. Schoenherr acquired such a right? He only sought to make his answer a cross-bill on the day and at the time complainant asked leave to dismiss his original bill. The answer then filed as a cross-bill was insufficient, as has been indicated. The cause was not heard at that time, but was continued, and came on to be heard some time thereafter on the motion to dismiss, and complainant's motion to strike, and each of said motions was denied by the court. During the time of his being a party to the cause, for about three years, Herman G. Schoenherr had never sought any affirmative relief, to the time of the filing of his cross-bill. We are of opinion that the filing of the cross-bill at this late day was in the nature of an attempt—or was to that effect— to prevent complainant from effecting the complete compromise of the cause with the defendants Davis and Wagensler, as administrator, pursuant to the agreement.

Complainant's bill was filed for the purpose of quieting title to lots specifically described in the original bill, which defendant Herman G. Schoenherr admits were devised to complainant's wife, Jessie Conradi, by Mary Schoenherr; that the remainder of the property covered by said mortgage was devised by Mary Schoenherr to him. If this were all, the remainder of the property would first be responsible for the debts of said testatrix, but Herman G. Schoenherr claims that he was a purchaser for value from said testatrix in her lifetime; but nowhere in his cross-bill does he set out the deed under which he claims.

The defendant is not shown to have made any effort to prepare his cross-bill for hearing; the witnesses whose testimony has been taken are within the juridiction of the court and accessible. It may be that the testimony of the witnesses that has been taken will be required to be retaken, because the issues of the cross-bill are different, in part, from the issues involved in the present case. It is true that the testimony of Mary Schoenherr was taken de bene esse, and that she has since died; but at the time her testimony was taken defendant Herman G. Schoenherr was not a party defendant to this suit, and the property which he claims was not involved in the case at that time. The valuable right of the other defendants in the cause to cross-examine said Mary Schoenherr in regard to the claim of the said Herman G. Schoenherr would be entirely lost to them, if Herman G. Schoenherr is permitted to use that testimony, without the exercise of that right by the parties in adverse interest to him. More-

over, it does not appear that her testimony is of benefit to defendant Herman G. Schoenherr.

[6] We are of opinion that the defendant Herman G. Schoenherr has acquired no right, nor has he become entitled to any affirmative relief, and that no prejudice will be done him if the bill is dismissed on complainant's motion. In a separate suit all rights he may have can be protected and secured. He does not claim any interest in lots 15 and 16, but contends that their value should be credited on the mortgage before the property which he claims can be held liable. The facts stated in his cross-bill do not bear out this contention, and, even if they did, there is no reason why he could not get the benefit thereof in a separate suit. The law is established that no mere inconvenience Herman G. Schoenherr may be put to in preparing for such suit can be considered. He must show that his rights will be lost or rendered less efficient.

The motion to dismiss the case on complainant's motion should have been granted. The writ of mandamus is awarded; but it will not issue unless, as is not now anticipated, its issue is required.

Writ awarded.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.

### On Rehearing.

THOMAS, J. Appellant mistakes the averments of the petition contained in the opinion for a statement by the court of the effect of the "prayer for process" to the alleged cross-bill by Herman G. Schoenherr. However, the quotations as indicated in the original opinion (which has been corrected) no doubt led to that result. It is declared that a cross-bill is required to be as perfect as an original bill. Hooper v. Armstrong, 69 Ala. 343; Cooper v. Cooper (Ala. Sup.) 97 South. 66;[1] Haralson v. Whitcomb, 200 Ala. 165, 75 South. 913; Farmers' State Bank v. Kirkland & Brackin, 200 Ala. 146, 75 South. 894; 21 C. J. p. 507, § 612. There was no footnote to the cross-bill as originally filed or as amended. Code 1907, §§ 3096, 3119; Sims, Ch. Pr. p. 424, § 645; chancery court rules 11, 12, p. 1531, Code 1907; Cooper v. Cooper, supra. See analogy contained in Pool v. Menefee, 205 Ala. 531, 88 South. 654; Enslen v. Allen, 160 Ala. 529, 537, 49 South. 430; Douglass v. Blake, 189 Ala. 24, 29, 66 South. 617; Barnett v. Tedescki, 154 Ala. 474, 45 South. 904; Paige v. Broadfoot, 100 Ala. 610, 13 South. 426; McKenzie v. Baldridge, 49 Ala. 564.

[7-9] When there is prayer for parties respondent to the cross-bill and appropriate relief is prayed, it is held sufficient to make parties thereto those named in the original bill, without notice, etc. Julian v. Woolbert, 202 Ala. 530, 533, 81 South. 32; Ex parte Woodruff, 123 Ala. 99, 101, 102, 26 South. 509; Jackson v. Putman, 180 Ala. 39, 60 South. 61. The cross-bill must be answered under the rules and regulations provided for original bills, under oath or not, as the complainant therein may elect. Sims, Ch. Pr. p. 424, §§ 300, 301, 645; Code 1907, § 3019. See, also, Sims, Ch. Pr. p. 9 et seq., §§ 13–19. So of bills in the nature of cross-bills. Reynolds Co. v. Reynolds, 190 Ala. 468, 67 South. 293. This is necessarily the fact. It is generally recognized that the dismissal of the original bill does not "necessarily carry with it the cross-bill" (Faulk & Co. v. Hobbie Gro. Co., 178 Ala. 254, 59 South. 450; Swope v. Swope, 178 Ala. 172, 59 South. 661; Abels v. Planters', etc., Co., 92 Ala. 382, 9 South. 423); the distinction being made that, if the cross-bill is defensive merely (having no independent equity in itself), dismissal of the original bill dismisses the cross-bill (Anders v. Sandlin, 191 Ala. 158, 67 South. 684; Faulk & Co. v. Hobbie Grocery Co., supra; McGlathery v. Richardson Bros. & Co., 129 Ala. 653, 29 South. 665; Wilkinson v. Roper, 74 Ala. 140). If, however, it sets up new facts, relating to the same subject-matter, and prays for affirmative relief in reference to it, and presents a case for equitable cognizance (Todd v. Interstate, etc., Co., 196 Ala. 169, 173, 71 South. 661; Betts v. Ward, 196 Ala. 248, 258, 72 South. 110; Lewis v. Davis, 198 Ala. 81, 83, 73 South. 419; Webster v. Debardelaben, 147 Ala. 280, 285, 41 South. 831; Meyer v. Calera Land Co., 133 Ala. 554, 557, 31 South. 938; Etowah, etc., Co., v. Wills Valley, etc., Co., 121 Ala. 672, 676, 25 South. 720), and shows grounds for equitable relief which uphold the jurisdiction of the court independent of the original bill, the dismissal of the latter does not carry the former (Anders v. Sandlin, 191 Ala. 158, 67 South. 684; Bell v. McLaughlin, 183 Ala. 548, 62 South. 798; Swope v. Swope, supra; Meyer v. Calera Land Co., supra; Ex parte Jones, 133 Ala. 212, 32 South. 643; McGlathery v. Richardson Bros. & Co., supra; Etowah, etc., Co. v. Wills Valley, etc., Co., supra; Abels v. Planters, etc., Co., supra; Wilkinson v. Roper, 74 Ala. 140, 145, 146; Continental, etc., Co. v. Webb, 54 Ala. 688; 2 Dan. Ch. Pr. [5th Ed.] *1553, note 3).

[10] It follows that a statutory cross-bill, or an intervention in the nature of a cross-bill, to be sufficient, must be complete in itself, or by reference to matters adopted therein, as is recognized by this court (Reynolds Co. v. Reynolds, 190 Ala. 468, 67 South. 293); that is, when it has an independent equity in itself, it must be so framed as to stand on its own merits in event the original bill should be dismissed (Cooper v. Cooper [Ala. Sup.] 97 South. 66[2]), and must acquaint the

---

[1] Ante, p. 13.

[2] Ante, p. 13.

parties respondent thereto what answer is required within the statutes and rules obtaining and applying to such procedure in equity (Code 1907, §§ 3096, 3119; chancery court rules 11, 12, Code 1907, p. 1531).

The rehearing is denied.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.